WILLIAM SLOAN, Appellant, *v.* HENRY PETRIE, Appellee.

APPEAL FROM KANE.

In this State a plea of justification in slander, if interposed in good faith, in the honest belief that it will be sustained, should not, as a matter of course, aggravate the damages. And whether such plea was interposed upon proper motives, is for the jury to consider.

A plea of justification in slander, is not an aggravation of the offence.

THIS cause was tried before J. G. WILSON, Judge, at November term, 1853, of the Kane Circuit Court.

W. B. PLATO, and GLOVER and COOK, for appellant.

BLACKWELL and BECKWITH, and J. F. FARNSWORTH, for appellee.

TREAT, C. J. This was an action for slander, brought by Petrie against Sloan. The words laid in the declaration imputed the crime of perjury. The defendant pleaded not guilty, and a special plea of justification. On the trial, the plaintiff proved the speaking of the words, and the defendant offered evidence tending to sustain the justification. At the instance of the plaintiff, the court charged the jury, " that the defendant having justified the speaking of the slanderous words, if the jury believe that the proof has failed to sustain that defence, such plea of justification is in law an aggravation of the original slander, and the jury should consider the fact in estimating damages." The jury returned a verdict in favor of the plaintiff, and judgment was rendered thereon.

The instruction presents a question respecting which there is much diversity of opinion. Some courts hold that a plea of justification in slander, if unsupported by evidence, is *per se* an aggravation of damages. The plea is regarded as a repetition of the charge, and evidence of continued malice. Fero *v.* Roscoe, 4 Coms. 162; Farley *v.* Ranck, 3 Watts and Sergeant, 554; Jackson *v.* Stetson, 15 Mass. 48; Wilson *v.* Nations, 5 Yerger, 211. Other courts hold that a plea of justification, which is not sustained by proof, does not necessarily go in aggravation of damages. The jury are to determine from the circumstances of the case, whether the attempt to justify forms any ground for increasing the damages. Byrket *v.* Monohan,

36*

7 Blackf. 83; Chubb *v.* Flannagan, 6 Carrington & Payne, 431; Shank *v.* Case, 1 Carter, 170; Swails *v.* Butcher, 2 Carter, 84. It is held in another class of cases, that where the justification is not fully established, the circumstances proved may be considered in mitigation of damages. McAllister *v.* Sibley, 25 Maine, 474; Chalmers *v.* Shackell, 6 Carrington & Payne, 475; Morehead *v.* Jones, 2 B. Monroe, 210; Shoulty *v.* Miller, 1 Carter, 544. In this state of the authorities, we are at perfect liberty to adopt the rule that will best promote the ends of justice. Our statute authorizes a defendant to plead as many pleas as he may deem necessary for his defence. He has therefore as much right to file a plea of justification as that of not guilty. And if he acts *bonâ fide,* he is no more censurable in the one case than in the other. He is but exercising a right secured to him by the law. If he pleads a justification in the honest belief that he will be able to sustain it on the trial, he ought not to be punished for so doing, though he fail to establish it to the satisfaction of the jury. He may be innocently mistaken in the evidence; or he may be unable to make full proof of the defence, by reason of the death, absence, or corruption of the witnesses. His mere failure to justify the speaking of the words, should not as a matter of course aggravate the damages. But if he pleads a justification with the view of injuring the plaintiff, or without any expectation of supporting it by proof, the jury may properly consider the plea as a reiteration of the slanderous charge, and as a good ground for enhancing the damages. It is a question for the jury to decide in each case, whether the justification was interposed in good faith. In this case, the court erred in giving the instruction. It required the jury to consider the plea as an aggravation of the slander. It left them no discretion in the matter. The case was not one in which the attempt to justify could be regarded as a ground for increasing the damages. The attempt was evidently made in good faith, for proof was introduced tending to sustain the plea.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*