JAMES BEASLEY, Plaintiff in Error, *v.* WILLIAM D. MEIGS, Defendant in Error.

ERROR TO MORGAN.

In an action for slander, in which the defendant pleaded not guilty, and filed with his plea a notice of justification, which was read to the jury, but, after plaintiff had closed his case, was erased by consent of court: *Held*, that such conduct might be considered by the jury in estimating damages.
Nor did the withdrawal of the notice render an instruction to that effect to the jury improper.

THIS cause was heard before WOODSON, Judge, at October term, 1852, of the Morgan Circuit Court.

D. A. SMITH and W. BROWN, for Plaintiff in Error.

M. McCONNEL, for Defendant in Error.

TREAT, C. J. This was an action for slander, brought by Meigs against Beasley. The words laid in the declaration, imputed the charge of adultery. The defendant pleaded not guilty, and also filed a notice in these words: "The defendant will prove on the trial of this case, that the words charged to have been spoken, emanated from and were put in circulation by John Turner and Samuel Brown, and that the defendant in speaking of them, spoke of them as reports put in circulation as aforesaid, believing them to be true, and not with malice or intent of doing any injury to the plaintiff; defendant will further give in evidence in mitigation of damages in this case, that

before and at the time of speaking the words laid in the declaration, there were reports in circulation to the effect that the plaintiff was guilty of adultery with the wife of Samuel Dennison; defendant will also prove that before the speaking of the words, on two different occasions, the plaintiff was guilty of the crime of adultery with Mary Jane Casey, and that his character for chastity was greatly impaired, and that these reports and facts were so circulated and believed in the neighborhood where the plaintiff resided."

In opening the case to the jury, the counsel of the defendant read the notice at length. The plaintiff proved the speaking of the words as charged in the declaration. Before the defendant introduced any testimony to the jury, his counsel gave notice that the matters specified in the notice would not be relied on in the defense, and the notice was erased by the leave of the court. At the instance of the plaintiff, the court charged the jury, " that the fact that the defendant filed a notice in the nature of a plea of justification, charging the plaintiff with the crime of adultery, and that he was a man of general bad character in his neighhorhood, and caused his counsel to read the notice publicly to the jury, and in the hearing of the audience present, and then abandoning the notice of justification, and in not giving or attempting to give any evidence under it, but after the testimony of the plaintiff was closed, withdrew said notice, may be considered as an aggravation of the defendant's conduct and evidence of malice, and is a circumstance, which, if they find the defendant guilty, the jury have the right to take into consideration in aggravation of damages." The jury found the issue for the plaintiff, and judgment was entered on the verdict.

It was held in *Sloan* v. *Petrie*, 15 Ill. 425, that the filing of a plea of justification in an action for words spoken, which is not supported by evidence, is not necessarily an aggravation of the slander. If the defendant deems such a plea necessary to his defense, and interposes it in good faith, the damages are not to be increased, although he may not be able to establish it on the trial. But if he files the plea for the purpose of harassing or injuring the plaintiff, or without any expectation of sustaining it by proof, it may properly be regarded as a reiteration of the slanderous charge, and as a good ground for enhancing the damages. It is a question for the jury in each particular case, whether the damages shall be increased because a justification is spread upon the record. There is nothing in the instruction given in this case, that conflicts with the principle of that decision. The jury were not required to increase the damages, merely because the defendant gave notice of a justification and failed to support it by proof. They were left free to determine

from the circumstances of the case, whether the attempt to justify formed any ground for enhancing the damages. The court did not instruct them that the plaintiff was entitled to greater damages as a matter of course, but it authorized them to take the circumstances into consideration in estimating the damages.

Nor did the fact that the notice was withdrawn, render the instruction improper. It had been read in the hearing of the jury and bystanders, and the striking it from the record did not destroy the effect it may have produced, or relieve the defendant from the consequences of re-publishing the charge. If the use made of the notice was a causeless or wanton repetition of the slander, the jury were justified in giving greater damages, notwithstanding the defendant may have withdrawn it by leave of the court. The cases of *Clinton* v. *Mitchell*, 3 Johnson, 144, and *Sent* v. *Butler*, 3 Cowen, 370, do not hold a different doctrine. They only go to show that the court erred in allowing the notice to be withdrawn.

It is objected to the instruction, that it assumed the existence of facts not appearing in the case. It described the notice as alleging that the plaintiff " was a man of general bad character in his neighborhood." Although the notice did not contain that precise allegation, yet the defendant could not have been prejudiced by the misdescription. The inaccuracy did not relate to a material part of the notice. The words laid in the declaration imputed the offense of adultery, and the important allegation in the notice was that the charge was true. It was that allegation that amounted to a repetition of the slander, and entitled the plaintiff to increased damages. It was not a justification to prove that the plaintiff was a man of general bad character. Such proof, if admissible for any purpose, would only be in mitigation of damages.

The judgment must be affirmed.

*Judgment affirmed.*