Peck, J.
Several errors are assigned upon the record for the reversal of this judgment, which have not been considered by us, as we are satisfied that the judgment must be reversed upon other grounds, and that most, if not all, the alleged errors, which are fairly presented upon the record and unnoticed by us, are not likely to occur upon a retrial of the cause. ,
The particular error for which we reverse the judgment, arises under the third-assignment — “that the court misdirected the jury.”
The charge is, in the main, a fair and just exposition of the law relating to promises to marry, but we are of the opinion, there is error in that part of the charge which authorizes the jury to impose “ aggravated damages ” upon the defendant, on his failure to prove the licentious or dissolute conduct of the plaintiff, which he, upon the trial had attempted to prove. That portion of the charge is not, perhaps, very objectionable as a mere abstract proposition; but in view of the testimony set forth in the bill of exceptions, the charge, as it was given and unaccompanied by material qualifications, was well calculated to mislead the jury, and when we look at the amount of the verdict, and the evidence to support it, we can scarcely avoid the inference, that it did, in fact, mislead the jury, to the detriment of the plaintiff in error.
The charge, so far as it relates, in any degree, to the exceptionable matter, is as follows:
“ In mitigation of damages and to reduce the amount to be awarded, the defendant may, when the pleadings are as in this case, offer proof that the plaintiff was guilty of licentious or dissolute, or even indecent or immodest, conduct after the promise or before, if unknown to the defendant at the time of making the promise, and such proof should be considered by the jury in mitigation of damages. But although the defendant has not pleaded such facts, to justify his refusal to perform the contract, and charged them upon the record, yet, if he set them up in court, and attempt to prove them in mitigation of damages, and fail altogether in the proof, the jury may consider this in aggravation of damages, as being an *315 aggravation of the injury done to the plaintiff. The jury will in this case look to the proof to determine how far it establishes the faet of licentious, dissolute or indecent conduct upon the part of the plaintiff, after the promise, or before, .and in the latter case whether it was unknown to the defendant.”
“ He (defendant) has attempted to prove that she (the plaintiff) was with child in 1856, by way of excuse or as mitigating damages. If this is true, and was unknown to him, at the time of making the promise, it would certainly go very far in mitigation, even if he had heard that such was the fact and disbelieved it, and had reason to disbelieve it, and afterward, it proved to be true, this would be a strong fact in mitigation.
“ The same rule will apply to all the proof offered of dissolute or indecent conduct on her part; and in fixing the damages, the jury will look to the proof of the facts charged, and to his knowledge, or want of knowledge, of them at the time of making the promise — to what he is shown to have known or heard, to create belief in their truth, and to his declaration of belief or unbelief made before that time.”
The bill of exceptions discloses that, before this charge was given to the jury, testimony had been submitted to them, tending to prove not only that the plaintiff had been guilty of immodest and indecent conduct with persons, other than the defendant, after her alleged engagement; but that she had, prior to that time, been pregnant of a bastard child, and that though the suspicions of the defendant had been aroused in regard to it, his suspicions were allayed by the assurances and denials of the plaintiff.
The testimony to establish her pregnancy, consisted of the statements of three physicians of the results of examinations and observations made by them, and of the observations and opinions of unprofessional persons of both sexes, some of them the friends and relatives of-the plaintiff.
While we are free to say, that after a careful examination of all the evidence upon both sides, we are by no means satisfied that there is any truth in the charge of pregnancy, nor *316 that there was, in view of the habits and customs of that locality, any culpably immodest or indecent conduct on the part of the plaintiff below, we are also inclined to the opinion, that the plaintiff in error was not entirely without excuse in failing to perforin his engagement, and in proving those statements and rumors when sued for a breach of his promise to marry, unless he was then satisfied of their falsity, or, at least, had good reason to believe the report of her pregnancy untrue; and that he might properly do so, without subjecting himself to an increased penalty, upon a failure to establish their ti’uth.
The charge of the court, as we understand it, is that inasmuch as the defendant had attempted to prove, upon the trial, the pregnancy and licentious conduct of the plaintiff, if “he should fail altogether in the proof” (that is, in producing testimony reasonably tending to prove her guilt in those particulars), the attempt itself would be an aggravation of damages, and the jury might so regard it.
We understand that the “ aggravated damages,” authorized by the charge, are to be assessed by way of punishment of the defendant, and not merely of compensation to the plaintiff. The damages do not arise out of the contract, or its breach, but out of the subsequent act of the defendant, needlessly affecting the character and feelings of the plaintiff, and is, therefore, a punishment 'for such wrongful act. We also understand from said charge, that this “ aggravation,” attaches to charges made orally in court, as well as when made in the more enduring form of an answer or plea.
With regard to the first of these propositions, we think the charge, as an abstract proposition, was erroneous in not adding thereto the material qualification, “ unless you should find from the evidence, that the defendant had reason to believe them to be true,” or words of equivalent import. Sloan v. Petrie, 15 Ill. 425; Swails v. Butcher, 2 Carter (Ind.) 184; Fiddler v. McKinley, 21 Ill. 308.
Unless, indeed, it is to be inferred, from the utter failure of proof, that the charge was made in bad faith, and, as a charge, to be applied to the facts in evidence, and none others *317 should be given by the judge conducting the trial, it was clearly erroneous in not annexing such a qualification. Id.
The judge presiding at the trial, while instructing the jury, should be careful not to mislead them or suffer them to be misled by others ; but this result would almost inevitably follow, if he should deliver to them a general rule of law as applicable to the testimony, without stating it to be merely a general rule and subject to exceptions, and without adverting to the testimony before them, bringing or tending to bring the case fairly within an exception to that rule. There i's a manifest distinction between a failure to charge and the giving of a charge which is calculated to mislead, and though it is said, that the failure to state a qualification of a general rule given to a jury, will not, of itself, justify a reversal, unless the court, upon request, should refuse to give it (Barton v. Glasgo, 12 Sergt. & R. 149), still if it is manifest the jury erred for want of such instruction, the judgment will be reversed. Penton v. Sinnickson et al., 4 Halst. 149; Etting v. Bank U. S. 11 Wheat. 59.
As regards the second proposition — the right to aggravated damages — while we admit that most of the cases in which a failure to prove the charge, has been held to aggravate the damages, are cases in which the charge was made by plea or by notice, still a majority of the court would be disposed to hold, were it necessary, that the same rule is also applicable to cases where such defenses are made orally in court. There seems to be no substantial difference in principle between the two cases. The difference is at most only in degree. The motive which actuates, and for which the aggravation is imposed — a malicious and wanton desire to injure another — is the same in both cases. It is unnecessary, however, to decide this proposition now, and as the members of the court are not entirely agreed,- it is waived for the present.
The case of Fiddler v. McKinley, above cited, is almost identical with the' case at bar in all its aspects. In that case, which was also an action for breach of promise, the defendant, under the general issue, attempted to prove that the plaintiff was a lewd woman, but failed, and the court below *318 charged the jury, that the attempt to make such proof, when such attempt fails, though made in good faith, should be taken into consideration as an aggravation of the damages. The judgment was reversed for this erroneous charge — the court of last resort holding that the rule as to pleas of justification, applied to oral charges in open court, and that in neither could a failure in the proof be held to aggravate the damages, if the charge was made in good faith. This case is, therefore, a direct authority upon both the points we have been considering.
The testimony in regard to the pregnancy and licentious-conduct of the plaintiif, had been heard by the court and jury, and when the court, in applying the law to the evidence, told the jury, that they might give aggravated damages if defendant failed altogether in the proof, without any allusion to the testimony produced by the defendant, and tending to create a belief in defendant that the charges were true, directs them “ to look to the proof to see how it establishes the fact of licentious or indecent conduct upon the part of the plaintiff,” the jury would be apt to infer that it was the fact of pregnancy, and not a reasonable belief of its truth, which was to exempt the defendant from such aggravated damages-. This inference would also receive further confirmation from the remaining part of said charge in which the court, speaking of the attempt to prove that the plaintiff was with child in 1856, says, “ if this is true it would go far in mitigation of damages,” and that a like result would follow, if such report should be proved to be true, though it had been disbelieved by the defendant.
The concluding part of the charge, in which the jury are told in general terms, in fixing the damages, “to look to what he (the defendant) is shown to have known or heard, to create belief in their truth, and to his declaration of belief or unbelief made before that time,” is much too obscure and too far removed from the rule itself, and to which it makes no express allusion, to have been properly appreciated by the jury, even if it was intended as a qualification of the rule previously given.
Rut, if we are wrong in the assumption that, under the *319 charge, the damages for a failure to prove the pregnancy of the plaintiff, were to be assessed by way of punishment and not compensation, still the charge, unaccompanied by the qualification, would be none the less exceptionable. The facts proved were calculated to create, in many minds, a firm belief in her guilt, and to deny to a defendant, acting in good faith, the right to explain his conduct without subjecting himself to increased damages, would be, in effect, dragging him to the sacrifice not only bound but effectually gagged.
Were the question res nova, we might be led to inquire as to the principle upon which exemplary damages are allowed in actions for breach of promises to marry, which are in form ex contractu and not ex delicto, but it is perhaps too well and too generally settled to be now disturbed by us. Davis v. Single, 27 Misso. 600; Southard v. Rexford, 6 Cowen, 254; Fiddler v. McKinley, 21 Ill. Rep. 308; Coryell v. Colbaugh, Cox Rep. 77. It is, we presume, because such actions, though in form ex contractu, partake also of the character of actions ex delicto. Sedgwick on Damages, 369; Green v. Spencer, 3 Misso. 318, and remarks of Breese, J., in 21 Ills. 318.
After bestowing upon this charge and the testimony set forth in the bill of exceptions, a careful consideration, we are satisfied that the jury may have understood from the instructions as given, that a failure to establish the pregnancy or' the dissolute conduct of the plaintiff by a preponderance of proof, would authorize them to increase the damages, independent of any reasonable belief by defendant, of the truth of the charges, or of the good faith in which they were preferred; and in looking at the evidence by which these charges were supported and the amount of the verdict, which, with the probable costs, exceeds one third of the entire estate of the defendant, we are apprehensive that it was so regarded and acted on by the jury.
The evidence, as set forth in the bill of exceptions, has but few, if any, of the appropriate elements for punitory damages, and the amount awarded would seem beyond the range of compensatory damages, under the facts in evidence as to the conduct and demeanor of the plaintiff below, both before and *320 since the breach. The amount of the damages, however, would not authorize us to interfere with the verdict in actions •of this charactef, merely because it exceeds our own estimate of what it should have been; but the amount of the verdict in this case, under the circumstances, induces us to believe that the jury, in their estimate of them, were misled by the charge of the court.
Judgment reversed, verdict set aside and cause remanded for further proceedings.
Scott, O.J., and Sutliee, Gholson and Brinkerhoee, J J., •concurred.