JESSE S. HARBISON

*v.*

DYKEMAN SHOOK.

1. SLANDER — *charge of perjury and false swearing.* At the common law it was necessary, to sustain an action of slander for being charged with perjury, that the oath to which the charge related should have been material to some issue, in a judicial proceeding, and must have been false, but under our statute it is made slander to untruly charge another with swearing falsely, or having sworn falsely, and it is unnecessary to aver or prove that the oath charged to be false was material, or that it was in a judicial proceeding.

2. VARIANCE — *waiver.* A variance between the allegations and proofs may be waived by stipulation.

3. EVIDENCE — *of good character, when admissible.* Until the character of plaintiff, in action for the defamation, is attacked, he has no right to introduce evidence of his good character. But when defendant files a plea of justification, and attempts to establish its truth, that is such an attack upon plaintiff's character as authorizes him to introduce evidence of good character.

4. VARIANCE — *averment and proof.* When the averment in the language was that " Old Dykeman Shook swore, etc.," and the evidence was that defendant said that " Old man Shook " swore, etc., *held,* not to be a variance, as the substance of the charge was proved.

5. INSTRUCTIONS. It was not error for the court below to charge the jury, that it did not matter whether the defendant commenced the conversations, in which he used the language, or whether or not he was angry at the time.

6. PLEADING — *justification — proof.* Under a plea of justification, that defendant did wickedly, willfully and corruptly swear falsely in a matter in a cer,ain suit named, and thus committed perjury, defendant must sustain his plea, by proof, that plaintiff did commit perjury, as alleged in the plea, and this, too, although the action be under the statute. The proof must be as broad as the allegation in the plea.

7. PLEA OF JUSTIFICATION — *when an aggravation.* Where a party files a plea of justification, when he has no intention or expectation of proving its truth, it amounts to a republication of the slander, and is an aggravation which the jury may consider in forming their verdict, and it was not error to so instruct the jury.

8. DAMAGES — *in slander.* Nor is it error to instruct the jury that they may take into consideration the pecuniary circumstances and standing of the defendant, as well as the character of plaintiff, also that they might consider the fact that the slander was reiterated at different times and to different persons, and that he had endeavored to have plaintiff indicted, in fixing damages; and that they could give exemplary damages.

9. NEW TRIAL — *verdict contrary to evidence.* A verdict will not be set aside because it is contrary to the evidence, unless it is so strongly against the evidence as to be unsupported by it.

WRIT OF ERROR to the Circuit Court of Rock Island county; the HON. IRA O. WILKINSON, Judge, presiding.

This was an action on the case for slander, brought by Dykeman Shook, in the Henderson Circuit Court, against Jesse S. Harbison. The declaration contained a number of counts, charging that defendant had accused plaintiff of having com-

mitted perjury, while others averred that he had charged him with having sworn falsely.

To the declaration, the defendant pleaded not guilty, and also a plea of justification. In the latter he avers that plaintiff did wickedly, willfully, corruptly swear falsely to a certain matter in a suit, and thereby committed perjury. This plea gives the particulars of time, place and circumstance, and is to the whole declaration. To it there was a replication, and issues were formed.

A trial was had by the court and a jury, in the Rock Island Circuit Court, to which the cause had been removed by a change of venue. There were a number of witnesses examined on the trial, and the speaking of slanderous language was proved, but most of it was variant from that set out in the declaration, but a portion was as laid in a part of the counts.

On the trial it was agreed by counsel that the suit of G. S. Munduff against Harbison, was pending in the Henderson Circuit Court, and that plaintiff was duly sworn and testified as a witness in that case, and if it appeared that he was called as a witness by defendant, no advantage should be taken of the averment in the plea of justification that he was called by the plaintiff.

After hearing the evidence and receiving the instructions of the court, the jury found the issues for plaintiff and assessed the damages at $768.08. Defendant thereupon entered a motion for a new trial, which the court overruled, and rendered a judgment on the verdict, to reverse which this writ of error is prosecuted.

Mr. J. W. DAVIDSON, for the plaintiff in error.

Mr. C. BLANCHARD, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case for slander, brought by Dykeman Shook, in the Henderson Circuit Court, against Jesse S.

Harbison. The venue was afterward changed to Rock Island county, where a trial was had by the court and a jury, which resulted in a verdict in favor of plaintiff for $767.08; a motion for a new trial was entered and overruled by the court, and a judgment rendered on the verdict.

The declaration contains nine counts, in which it is averred, that plaintiff in error, falsely, wickedly and maliciously spoke of the plaintiff below, that, in a certain trial pending in the Henderson Circuit Court, he had sworn falsely. The language is differently stated in the various counts; the first five of which aver that plaintiff in error intended to charge defendant in error with having committed willful and corrupt perjury. The last four aver that he intended to charge him with swearing falsely. Plaintiff in error interposed the plea of the general issue, and a plea of justification, upon which the trial was had.

It is insisted, that all of the counts of the declaration, are framed under the common law, and that it was incumbent on defendant in error to prove the materiality of the evidence alleged to have been false. This may be true under the first five counts as they proceed for a common law slander, but as to the other counts, they seem to have been framed under our statute, and consequently are not governed by the common law rule, that to establish a slander it is necessary that the evidence charged to be false was material to the issue. The statute declares, that it shall be slander for one person to charge another with swearing falsely, or of having sworn falsely. And under the statute it is held to be unnecessary to aver or prove, that the evidence or oath charged to be false was material, or that the oath was in a judicial proceeding. *Sanford* v. *Gaddis*, 13 Ill. 329.

It is insisted, that there was a variance between the averments in the declaration that defendant in error testified in a case in which G. S. Munduff was plaintiff, and James Harbison was defendant, and the evidence which shows that both James and William B. Harbison were defendants. If such a variance exists, it was waived by the stipulation of counsel,

which is embodied in the bill of exceptions, which admits the suit pending, as averred in the declaration.

It is likewise insisted, that the court erred in permitting defendant in error to introduce evidence of his good character, when there had been none given to impeach it. In slander, the rule is, that the plaintiff has no right to introduce evidence of character until it is attacked by the defendant. If the defendant simply files the general issue, and refrains from giving evidence of the previous bad character of the plaintiff, in mitigation of damages, under the current of the authorities, plaintiff could not go into evidence of his previous good character. But, when the defendant interposes a plea of justification, and introduces evidence in its support, that constitutes such an attack as will justify plaintiff in calling witnesses to sustain his character. In this case such a plea was filed, and an effort was made to prove it, and that fully warranted the introduction of such evidence by defendant in error. In admitting this evidence there was no error.

It is also insisted, that the court below erred in refusing to exclude the evidence of all the witnesses, except that of Thompson, upon the ground of variance. The ground urged as a variance is, that they stated that plaintiff in error applied the language to " Old man Shook," and did not designate him by his christian name. In a portion of the counts, the averment is, that the language was spoken of and concerning " Dykeman Shook," and in others, " Old Dykeman Shook." It is a rule of evidence in this action, that the proof of equivalent words will not sustain the averment. But plaintiff is not required to prove all of the words set out in the declaration, although he must prove enough of them to establish the substance of the charge. The omission to prove any portion of them, so as to change the sense or import of the charge, would be a variance. In this case, the omission to prove the christian name of defendant in error, in no wise changed the import of the charge. That part of the language served only as a means of pointing to the person of whom the language was spoken. It served to designate the person against whom the charge was made ; and it

10—41st ILL.

was for the jury to say whether the portion proved showed that the language related to defendant in error. If so, then enough of the words were proved to make out the charge. If it appeared that "Old Dykeman Shook" and "Old Shook" related to and was the same person spoken of, then the charge was, in that respect, proved.

It is again urged, that the court below erred, by instructing the jury, that it could not matter whether or not the plaintiff in error commenced the various conversations in which he used the language, or that he was angry at the time, unless it was produced by the act of the defendant in error, and that these acts could not be considered in mitigation of damages, and that express malice need not be proved, as the law implied malice unless the charge was true. We see no objection to this instruction. It cannot matter who begins a conversation in which an individual is slandered. Nor can it be said, that the injury to plaintiff's character is any the less because a party unprovoked by another, permits himself to become angry when he makes the defamatory charges. If such were to be allowed as a justification, or mitigation even, all that a person would have to do would be to work himself into a rage of anger, slander another and then escape liability for his wanton, malicious, wicked detraction of plaintiff's character. The law has afforded no such immunity.

There can be no objection to the second instruction, as the words are made actionable by the statute; and a portion of the counts of the declaration are under the statute, although it is not referred to by the pleader. But that was unnecessary to give them that character.

The plea of justification avers, that defendant in error did wickedly, willfully and corruptly swear falsely to a certain matter in a suit between Munduff and Harbison, and that he committed willful and corrupt perjury. To sustain this plea, therefore, it was essential that he should have proved that defendant in error did commit perjury. It may be that he undertook more by his plea than was required, as under the counts on the statute it was only necessary to have averred and

proved that he had sworn falsely, to have established a justification. But, having averred that he was guilty of perjury, he was bound to prove it to sustain his plea, and not only so, but by the same measure of proof which it would have required to have convicted of perjury. It therefore follows that the fourth instruction was correct and properly given.

As to the fifth instruction, we see no objection. It informs the jury, that, if plantiff in error did not expect in good faith to prove the plea of justification, it was a republication of the slander, and an aggravation which the jury might take into consideration in fixing the amount of damages, if they believed that plaintiff in error had uttered the words. In the case of *Sloan* v. *Petrie*, 15 Ill. 425, this was held to be the law, and that it was a question for the determination of the jury whether the plea was filed in good faith. There was therefore no error in giving this instruction.

The jury were informed by the sixth instruction, that they might take into consideration the pecuniary circumstances and standing of defendant below, as well as the character of plaintiff, in estimating the damages, and that they might consider the reiteration of the slander at different times and to different persons, as well as any effort to have defendant indicted, in fixing damages, and that they had the right to give exemplary damages. We perceive no error in this instruction. It states the law of the case correctly, and it could not have misled the jury.

Nor can we say that the finding was not supported by the evidence. The issues were fairly presented under the instructions, and the jury were warranted in finding the verdict.

Upon this record we discover no error, and the judgment of the court below must therefore be affirmed.

*Judgment affirmed.*