ISAAC R. STOWELL

*v.*

HELEN BEAGLE.

1. PLEADING AND EVIDENCE. In an action of slander, for charging the plaintiff with having committed fornication, and the plea of justification averred that plaintiff had been guilty of fornication, without averring any time, it was error in the court to restrict the proof of her having com-

mitted fornication to two years before the words were spoken by defendant. The plea not being limited as to time, the proof should not have been. Proof of the truth of the plea without reference to when the act was committed, was pertinent to the issue, and should have been admitted.

2.   It was improper to admit evidence of the fact that there was a prior personal difficulty between defendant and the father of plaintiff, as it did not tend to prove actual malice against the plaintiff, and was not pertinent to the issue.

3.   Where the plea of justification set up the fact that the plaintiff had been guilty of fornication, it was error to instruct the jury that to maintain the plea the defendant must prove the words charged were true, on the grounds that plaintiff, although an unmarried woman, was guilty of fornication, and had been delivered of a child, and it was necessary that such alleged facts, constituting the justification, should be proved by clear and satisfactory evidence, and if not so proved, the defense would fail. Nothing being in the plea in regard to the plaintiff's having been delivered of a child, the instruction was too broad, and should not have been given. Such an instruction was well calculated to mislead the jury.

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. BENNETT & VEEDER, HANNAMAN & KRETZINGER, and BURNS & BARNES, for the appellant.

Messrs. FROST & TUNNICLIFF, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action for slander. The first count in the declaration laid the charge of slander as follows :

That the defendant, on or about the 14th day of September, 1868, "did falsely and maliciously speak and publish of and concerning said plaintiff, of and concerning a charge of fornication, and thereby intending to charge the plaintiff with having been guilty of said crime of fornication, and then and there intended that said people, and said Mrs. Spidle, who then and there heard of said charge, should so understand the

defendant, and who then and there did understand said defendant, the false, scandalous, malicious and defamatory words following, that is to say, 'She (meaning plaintiff,) looks to be in the family way,' (meaning and intending thereby that said plaintiff was pregnant with child,) as much as my wife does. That is the story, and I (meaning defendant) believe it to be so.' 'She (meaning plaintiff) looks to be in a family way as much as my wife does. That is the story, and I believe it to be so.' Meaning thereby then and there to charge the plaintiff, being and always having been an unmarried woman, had been guilty of, and was guilty of, the crime of fornication, and was pregnant with child."

The three other counts were substantially the same, varying the charge of the words spoken somewhat, but the averment in the inducement of each was the same, as to what the defendant intended to charge the plaintiff with, and the same innuendo was stated in each.

The plea of the general issue was filed, as also a plea of justification, alleging that the plaintiff, before the time of the speaking of the words, "to wit:   On the 14th day of September, A. D. 1868, and the 1st day of September, A. D. 1868, at and within the said county of Knox, had been and was guilty of fornication, and at and before the speaking and publishing of the words as aforesaid, had had sexual intercourse with a male person, and that at the time of the speaking and publishing of the words in the declaration mentioned, the said words were true." Upon which issues were joined. On the trial, defendant offered to prove specific acts of fornication committed at any time prior to September 14th, 1868. The court held the inquiry must be restricted to some reasonable limit, viz : two years, and refused to allow the general inquiry, without some restriction as to time.

The substantial imputation, which the declaration charged the defendant to have made upon the plaintiff, was that of having committed fornication. The innuendo ascribed that meaning

to the slander; the plaintiff could not reject it at the trial, and resort to another meaning, that the act was committed within a limited time. The innuendo gave a character to the slander, which became part of the issue. The plea of justification was, that the act had been committed generally, without any limit as to time. The days named in the plea, under a *videlicit*, were not material, so as to confine the defendant to them.

The proof offered by the defendant was pertinent to the issue, in the form in which it was made up between the parties, and should have been admitted; the defendant should not have been restricted in his proofs to the limit of two years.

We think, too, there was error in admitting, against the objection of the defendant, the testimony of the witnesses French, Thomas Beagle and Terwilliger, as to a prior personal difficulty between the defendant and Thomas Beagle, the father of the plaintiff, and the existence of hostile feelings between them.

The evidence should be confined to the issue, in order that the attention of the jury may not be distracted, by a variety of questions, from that which is the subject of their inquiry. If the evidence was admitted to show actual malice in the defendant towards the plaintiff, that could not be inferred from personal difficulties, or hostile relations between the defendant and her father, even though she was a member of his family.

We think, too, there was error in giving this instruction to the jury, at the instance of the plaintiff, to-wit:

" In order to enable the defendant to sustain his justification by proof that the words charged are true, on the ground that the plaintiff was guilty of fornication, and that she was delivered, though an unmarried female, of a child, it is necessary that such alleged facts, constituting the justification, should be proved by clear and satisfactory evidence, and if not so proved, the defense on that ground fails."

The having been delivered of a child was no part of the plea of justification. From the instruction given, the jury might well have been led to suppose, that unless the defendant had proved that the plaintiff had been delivered of a child, his justification was not made out. Such an instruction should not have been given.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER dissents.