ISAAC R. STOWELL

*v.*

HELEN BEAGLE.

1. SLANDER—*repetition may be considered in aggravation of damages.* The repetition of the slanderous words by the defendant, may be considered by the jury on the question of malice, and in aggravation of damages.

2. SAME—*evidence of general character.* There is a broad distinction between general character sustained by a person amongst those who know him, and the charge of a particular act of immorality made by a single person or a few individuals; and where, in an action for slander, there was evidence tending to prove particular acts of unchastity on the part

of the plaintiff, it was proper to instruct the jury that there was no evidence before them, as to the general character of the plaintiff as to chastity or the want of it.

3. In an action for slander, the plaintiff's character is presumed to be good until attacked, and he is not required to call witnesses to support it until assailed; and a plea of justification, and evidence of particular acts of immorality under it, is not such an attack upon the general character of the plaintiff as requires him to offer evidence in support of his general character.

4. A plea of justification, and evidence offered under it, is, however, such an attack as will authorize the plaintiff, if he chooses so to do, to give evidence as to his general character.

5. INSTRUCTIONS—*effect of error may be obviated by others limiting or qualifying them.* In an action for slander, it was averred in the declaration that the plaintiff was an unmarried woman, and that the defendant had charged her with being pregnant, thereby intending to charge her with fornication. The defendant justified the speaking of the words, and averred that she had been guilty of fornication. It was *held,* that an instruction "that, in order to enable the defendant to sustain his justification by proof that the words charged are true, on the ground that the plaintiff was guilty of fornication and that she was delivered of a child, it is necessary that such facts constituting the justification should be proved by satisfactory evidence, and if not so proved the defense on that ground fails," when not limited or qualified by other instructions, was improper, as tending to direct the minds of the jury to an immaterial collateral issue; but when other instructions are given, which clearly state to the jury that the justification is made out, if they believe, from the evidence, that the plaintiff had sexual intercourse with any man before the words were spoken, without regard to whether she was delivered of a child or not, the faulty instruction is so limited and qualified as to render it harmless.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Messrs. BENNETT, KRETZINGER & VEEDER, for the plaintiff in error.

Mr. H. BIGELOW, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The original record contains a *placita,* entitled of the October term, 1871, and the amended record a *placita* of the

February term, 1873, at which the cause was tried.   If there
was any objection to the record, as filed, on that ground, it
has been removed by filing the amended record.   This dis-
poses of the first objection urged by appellant.

It is next urged, that the court erred in giving improper
instructions for appellee.   The issue formed in the case was,
whether appellee had been guilty of fornication.   The decla-
ration averred that appellee was an unmarried woman, and
that appellant had charged her with being pregnant, thereby
intending to charge her with fornication.   Appellant justified
the speaking of the words, and averred she had been guilty
of fornication, and, as we have seen, issue was taken on the
justification.

On the trial, appellant introduced evidence to prove that
appellee had been pregnant, to thus establish the truth of his
plea.   He also introduced evidence for the purpose of endeav-
oring to prove specific acts of fornication.   Thus, it will be
seen that an effort was made to prove it in two modes.   And
on that question the court gave this instruction :

"In order to enable the defendant to sustain his justifica-
tion by proof that the words charged are true. on the ground
that the plaintiff was guilty of fornication, and that she was
delivered, though an unmarried female, of a child, it is ne-
cessary that such facts constituting the justification should
be proved by satisfactory evidence, and if not so proved the
defense on that ground fails."

When this case was previously before this court, (57 Ill.
97,) an instruction similar to this was held to have been im-
properly given, as tending to direct the minds of the jury to
an immaterial collateral issue.

As the record was then presented, the instruction was not
limited or qualified by other instructions in the case, but on
the last trial other instructions were given that rendered this
one harmless.   The fifth of the defendant's instructions told
the jury, that if they believed, from the evidence, that plaintiff

had committed fornication with either of several persons named, or with any other man, before the words were spoken, then they should find for the defendant. And the sixth is this :

"The jury are instructed, that in order to sustain the defense of justification in this case, it is not necessary for the defendant to prove that the plaintiff was the mother of the dead child. or that she was in a family way in the summer of 1868 ; but if the jury believe, from a preponderance of evidence, that the plaintiff had sexual intercourse with any man before the time of the speaking of the words set out in the declaration, then the preponderance is complete, and the jury will find a verdict for the defendant."

In view of these instructions, it is impossible to conceive that appellee's instruction could have misled the jury. Had it stood unexplained, then the presumption would be that it might, with the conflict of evidence in the case, have misled the jury in their finding. But these instructions are so clear and free from all obscurity, that they could not be misunderstood by the dullest apprehension.

It is urged that appellee's third instruction is erroneous, and should not have been given. It informs the jury that the repetition of the slanderous words by appellant might be considered by the jury on the question of malice, and in aggravation of damages. This instruction is sustained by the cases of *Hatch* v. *Potter*, 2 Gilm. 725, *Beasley* v. *Miegs*, 16 Ill. 139, and *Spencer* v. *McMasters*, ibid. 405—nor have we any inclination to overrule or modify these decisions. They are of long standing, have been followed by others, and been regarded as the settled law of this court.

It is next urged, that the court below erred in giving appellee's twelfth and thirteenth instructions. The twelfth asserts, that plaintiff's character is presumed to be good until attacked, and that she was not required to call witnesses to support it until assailed. This is one of the most elementary

rules of the law, and we are not aware that it has ever been even questioned, much less denied.

The thirteenth informed the jury, that there was no evidence before them as to the general character of appellee—as to her chastity or want of it. We fail to find such evidence in the record. There was testimony tending to prove particular acts of unchastity, but no one spoke of her general character on the subject. All know that there is a broad distinction between general character sustained by a person amongst those who know him, and the charge of a particular act of immorality made by a single person or a few individuals. Under the plea of justification, and the evidence introduced under it, appellee would, no doubt, have had the right to prove her general character, for chastity, to rebut the special charges made against it, had she chosen to take that course. Having made the specific charge against it, appellant could not have objected to her going into such proof. But the case of *Harbison* v. *Shook*, 41 Ill. 141, does not hold that the plea of justification, and evidence under it, is an attack on the general character, but simply that it is an attack that authorizes the plaintiff to go into proof of general character.

That case is based on the general rule, as correctly stated by Starkie on Evidence, vol. 2, p. 367. He says: "But when the defendant does not justify the slander, presumptions of innocence are out of the question. The defendant, by his plea, admits that the imputation was false, and therefore, in strictness, the character of the plaintiff is not involved in the issue—in other words, the presumption to be derived from character tends only to prove what is already conceded. Where, indeed, the defendant justifies the slander, which conveys an imputation of dishonesty, the case may admit of a very different construction, 'for the party is charged with a crime, and in such a case character affords just the same presumption of innocence as if the party had been tried for the offense. And next, although, as will be seen, a defendant may, in some instances, impeach the plaintiff's character, or

34—79TH ILL.

even that of third persons, in order to mitigate the damages, and where he does so, it is clear the plaintiff may, on the other hand, prove the goodness of his character, yet, in general, a plaintiff is not allowed to adduce such evidence in the first instance. Such evidence is unnecessary till the character has been impeached, for the law presumes a person's character to be good till the contrary is proved."

On page 365 the same author says: "It is a general rule, that evidence must be given of the general character of the party, and not of particular acts, for the presumption in favor of the prisoner arises from the general uniform tenor of his conduct, and not from particular isolated facts."

In this case there was no evidence of appellee's general character, and hence the instruction in nowise infringes the rule announced in *Harbison* v. *Shook*, or as stated by Starkie.

We are asked to reverse the judgment because the verdict is not supported by the evidence. The evidence is conflicting, and it was for the jury to reconcile it, or if they could not, then carefully weigh and consider it, and find according to its preponderance; and until it is manifest that they have failed to do so, we will not disturb the verdict. An examination of the evidence in this record fails to satisfy us that the preponderance is not in favor of the finding. It is not our province to award new trials simply because the jury have given credence to one set of witnesses in preference to another. Their opportunities of estimating the worth of evidence are superior to ours, and we should not interfere unless we are satisfied that wrong has been done, and we are unable to so determine in this case.

The judgment of the court below must be affirmed.

*Judgment affirmed.*