138  158
105a ¹¹174

138  158
206 ¹²227
109a¹¹228

138  158
210 ¹²221

138  158
ell4a ¹²367

138  158
115a¹²321
115a¹²535

# JOHN HINTZ

*v.*

# MARY GRAUPNER.

*Filed at Ottawa June 15, 1891.*

1. SLANDER—*malice, implied — exemplary damages — mitigation of damages.* In slander, when the proof shows that the actionable words were spoken by the defendant and that the slanderous charge contained in them is untrue, the law will imply malice, and the jury may give exemplary damages, and not merely actual or compensatory damages. Express malice, or malice in fact, is not required to authorize exemplary damages.

2. Proof that the defendant acted without actual malice, and merely repeated or reported what he had heard from others, may be competent as mitigating the damages, but not as barring the right of the plaintiff to recover exemplary damages.

3. The statements of a defendant made after suit brought against him for slander, to the plaintiff's father, as to the motives that influenced his conduct toward plaintiff in trying to procure her indictment, as, that it was a grudge against the father, are competent testimony to show malice on defendant's part.

4. Facts tending to show there was no actual malice may be proven in mitigation of damages, but evidence of such facts can not have the effect of withdrawing the question of exemplary damages from the jury.

5. SAME—*evidence against third person—whether admissible.* On the trial of an action for slander, for charging plaintiff with a theft of money, she endeavored to prove certain circumstances which pointed to another person as the thief, among which was the return through the post-office, in an anonymous way, by such other person, of such part of the stolen money as the owner was willing to take in settlement of the matter : *Held,* that such conduct of the third party, amounting almost to a confession of guilt, might be shown, as tending to prove the falsity of the charge that plaintiff was the thief.

6. Where the gravamen of the charge, as laid and proved in an action for slander, lies in the words, "has confessed * * * that she stole the money," it is of no consequence whose money it was, for the reason that it is impossible that a charge of stealing or of confessing a theft can be aggravated or mitigated by reference to the person whose money is stolen.

7. SAME—*proof of.* On the trial of an action for slander, for charging the plaintiff with having confessed to a witness that she had stolen

money, unless the plaintiff shows, in the first instance, that no such confession had been made, the defendant's statement that it had been made can not be regarded as slanderous.

8. In slander, for charging the plaintiff with having confessed to a person that she stole the money of another, when the defendant seeks to justify, there is no error in allowing the plaintiff to prove by such person that no such confession was made, before the defendant had offered any evidence in reference to the alleged confession.

9. If, under his plea, the defendant had offered evidence to show a confession of theft by the plaintiff, the latter would have been entitled to show that she had not so confessed, and the introduction of her negative proof before the affirmative proof of the defendant would be an advantage rather than an injury to him.

10. SAME—*damages fixed—aggravation.* The jury, in an action for slander, may take into consideration, in fixing the damages, the pecuniary circumstances and standing of the defendant, and any effort which he may have made to have the plaintiff indicted.

11. In an action for slander the plaintiff may prove a repetition of the slander, even after the commencement of the suit, in aggravation of damages.

12. NEW TRIAL—*waiver of grounds not stated.* Where the reasons given for a new trial fail to show any objection to any of the instructions given, the party can not in this court question the correctness of such instructions. A party will be held to have waived all causes for a new trial not set forth in his written grounds therefor.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. GIBBONS & KAVANAUGH, for the appellant:

It is undoubtedly the rule that one may testify to his understanding of what was meant by the slanderous words; but it is clearly the law that one may not testify as to whom he understood the words referred to. *Wrungler* v. *Hummel,* 37 Pa. 130; *Allenworth* v. *Coleman,* 5 Dana, 375; *Stacy* v. *Portland Publishing Co.* 68 Me. 279.

It was not proper to allow the plaintiff to prove that she made no confession of the theft before any attempt was made to prove its truth.

There was error in allowing proof of ill-feeling between the defendant and plaintiff's father. *Stowell* v. *Beagle,* 57 Ill. 97; *York* v. *Pease,* 2 Gray, 282.

Words spoken in good faith and within the scope of his defense by a party on trial before a church meeting, are privileged, even though they charge a larceny. *York* v. *Pease,* 2 Gray, 282; *Farnsworth* v. *Storrs,* 5 Cush. 412; *O'Donohue* v. *McGovern,* 23 Wend.

Proof showing the absence of malice in fact is competent on the question of exemplary damages, but have no bearing on the question of compensatory damages. *Rearick* v. *Wilcox,* 81 Ill. 78; Townshend on Slander, (4th ed.) 77, 520; *Shattuc* v. *McArthur,* 29 Fed. Rep. 136; *Hames* v. *Shultz,* 50 N. J. L. 481; *Stacy* v. *Publishing Co.* 68 Me. 279; *Broughton* v. *McGrew,* 39 Fed Rep. 672; *Bowden* v. *Bailes,* 101 N. C. 612; *Newman* v. *Stein,* 75 Mich. 402; *Casey* v. *Hulgan,* 118 Ind. 238.

The question of intent and motive is always of controlling consideration as regards exemplary damages. *Cummerford* v. *McAvoy,* 15 Ill. 311; *McKee* v. *Ingalls,* 4 Scam. 30; *Ayers* v. *Grider,* 15 Ill. 37; *Thomas* v. *Dunaway,* 30 id. 373; *Zuckerman* v. *Sonneschein,* 62 id. 115.

Messrs. Cutting & Austin, for the appellee:

It is contended that appellee's witnesses were allowed to testify that at the interview at the minister's house "they were talking about Mrs. Kolberg's money," and some of them stated that "nothing else was meant than Mrs. Kolberg's money," etc. There are two answers to this objection: First, it only applies to one of the many slanders, any of which is sufficient to support the verdict; and second, the matter was wholly immaterial. The gravamen of the charge is stealing, and the person whose money was stolen cuts not the slightest figure.

It is said in *Schmisseur* v. *Kreilich,* 92 Ill. 347, speaking of a like objection: "The gravamen of the charge * * * is in the words, * * * 'she has acted the whore.' Whether

this was in Belleville, St. Louis, French Village, or elsewhere, or with appellant's son or some one else, is not of the slightest consequence, since it is impossible that a mere charge of fornication can be aggravated or mitigated by reference to the person with whom or the place at which the act was committed." Substitute "stealing" for "fornication" and the application is complete.

The objection that the conversation with plaintiff's father after some of the alleged slanders had been uttered, is of no weight. Evidence of the repetition of the slander, even after the beginning of suit, showing malice, in aggravation of damages, is expressly allowed in this State. *Hatch* v. *Potter*, 2 Gilm. 725; *Stowell* v. *Beagle*, 79 Ill. 525.

No objection to the instructions was made, on the motion for a new trial, in the Appellate Court, and therefore can not be made here. *Railroad Co.* v. *McMath*, 91 Ill. 104.

A late Pennsylvania case holds that when, in a slander, an indictable offense is charged, no proof of actual malice is necessary, the presumption of malice being sufficient to support exemplary damages. *Regensperger* v. *Keefer*, 000 Pa. 000.

The Court of Appeals of New York has said: "The falsity of the libel is sufficient proof of malice to uphold exemplary damages, and plaintiff's right to recover them is in the discretion of the jury." "When the falsity of the libel has been proved, as a general rule it is sufficient to warrant the jury in giving exemplary damages." "Upon the charge made against the plaintiff in the article published, the falsity of which was made to appear, it was the duty of the jury to say, in their discretion, whether punitive or exemplary damages should be awarded." *Bergman* v. *Jones,* 94 N. Y. 51; *Samuels* v. *"Evening Mail,"* 75 id. 604; 9 Hun, 288.

Precisely similar are the following cases: *Buckley* v. *Knapp,* 48 Mo. 152, and *Clements* v. *Maloney,* 55 id. 352.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action on the case commenced on June 6, 1888, in the Superior Court of Cook County, by appellee against appellant, and is brought for slander. The verdict and judgment were for the plaintiff in the trial court, and such judgment has been affirmed by the Appellate Court. The maiden name of the plaintiff was Mary Moldenhauer, and such was her name when the slander is alleged to have been uttered. The declaration contains five counts. The slanderous words are averred, in the first count, to have been as follows : "Mary Moldenhauer has confessed to Mrs. Vosburg that she stole the money," (meaning the money of Mrs. Emma Kolberg) ; in the second count, as follows : "Mary Moldenhauer has stolen the money," (meaning the money of Mrs. Emma Kolberg), "I told the pastor so to his eyes;" in the third count, as follows : "Mary Moldenhauer stole Kolberg's money," (meaning, etc., as above) ; in the fourth count, as follows : "Nobody else but Mary Moldenhauer has stolen that money" (meaning, etc., as above) ; in the fifth count, as follows : "Mary Moldenhauer has stolen Kolberg's (meaning Mrs. Emma Kolberg's) money. I can prove it by five or six witnesses." These remarks are alleged to have been made before different persons on January 4 and February 11, 1888, in the village of Desplaines and in the town of Maine in Cook County. The plea was not guilty, with a stipulation that it should stand as a good plea of justification alleging the truth of the offense charged, and that, under the same, the defendant might introduce evidence of the truth of the charge.

It is admitted that, on Monday October 17, 1887, Mrs. Kolberg's house in Desplaines was broken open, and $80.00 in money were stolen therefrom. About two months afterwards it was announced in the church of Rev. P. Grœf, a Lutheran minister, that Mary Moldenhauer and the Rev. Mr. Graupner, ·

also a Lutheran minister, would be married.   Thereafter on the evening of January 4, 1888, the defendant Hintz, with three others, went to Grœf's house, and there, in the presence of Grœf and his wife and five other persons, the defendant protested against the marriage, and uttered the words set forth in the first count.   It is objected that one or two of the witnesses to this interview, all of whom were Germans, were allowed to state, when asked "whose money was spoken of," that "it came out it was Mrs. Kolberg's money," and that, when they were talking about money, "nothing else was meant than Mrs. Kolberg's money."   If the words had been, "*she* confessed that she stole the money," and the witnesses had been allowed to state that "*she*" meant Mary Moldenhauer, the question and answer here would be similar to those set out in the case, referred to by counsel, of *Strader* v. *Snyder*, 67 Ill. 404. But here the witnesses did not state what person was understood by them to have been referred to as having confessed to the stealing, but merely what money was understood to have been referred to as having been stolen.   The gravamen of the charge, as laid and as proven, lay in the words: "has confessed   *   *   *   that she stole the money."   Whose money it was, was of no consequence, since it is impossible that a charge of stealing, or of confessing a theft, can be aggravated or mitigated by reference to the person whose money is stolen. (*Schmisseur* v. *Kreilich*, 92 Ill. 347.)   But, if this were not so, plaintiff could not have been injured, as other testimony than that objected to showed that the money referred to was Mrs. Kolberg's money, and five or six witnesses swear that, at other times and places, defendant said: "Mary Moldenhauer stole *Kolberg's* money."

It is objected, that Mrs. Vosberg was allowed to testify, that the plaintiff did not confess to her that she had stolen the money, and that this testimony was introduced by the plaintiff before defendant offered any evidence to show that such confession had been made.   As the defendant had on file what

was in effect a plea of justification, it is difficult to see how he could have been injured by plaintiff's proof of no confession before he attempted to prove a confession. If under his plea he had offered evidence to show that there had been a confession, plaintiff would have been entitled to show that she had not so confessed, and her introduction of her negative proof before the production of his affirmative proof was an advantage rather than an injury to him. Plaintiff had introduced testimony tending to show, that the defendant had stated that plaintiff had made a confession of having stolen the money. If she had made such a confession, then his statement was true, and there was no slander. Unless plaintiff showed in the first instance that no such confession had been made, defendant's statement that it had been made could not be regarded as slanderous.

August Moldenhauer, the father of the plaintiff, testified to a conversation he had with the defendant in January, 1889, after this suit was brought, in which the defendant referred to proceedings then pending before the Grand Jury against the plaintiff, and proposed to withdraw them if the witness would stop his daughter's suit for slander; and in that conversation the father says that he asked the defendant why he did not let his daughter alone, and defendant replied that he had nothing against the plaintiff, but had a "grudge" against the witness, her father, referring to a bastardy suit formerly brought against defendant. Defendant substantially admits, that he told the father he was trying to get even with him on account of the bastardy proceeding. It is claimed by appellant, that the character of the proof called out by this conversation was condemned in *Stowell* v. *Beagle*, 57 Ill. 97, and *York* v. *Pease*, 2 Gray, (Mass.) 282. Those cases held, that it was erroneous to admit proof of a difficulty between the defendant and plaintiff's father, or of the existence of hostile feelings between them, because such proof does not show malice on the part of the defendant toward the plaintiff. But

there was here no attempt to prove by witnesses, that there had been a difficulty between plaintiff's father and the defendant. The proof here was as to what the defendant himself said about the motives which influenced him in his conduct towards the plaintiff. The statements made by him were competent testimony to show malice on his part. In an action of slander the plaintiff may prove a repetition of the slander even after the commencement of the suit in aggravation of damages. (*Hatch* v. *Potter*, 2 Gilm. 725; *Stowell* v. *Beagle*, 79 Ill. 525.)

Among the circumstances, which a jury may take into consideration in fixing the damages in a case of slander, are the pecuniary circumstances and standing of the defendant, and any effort which he may have made to have the plaintiff indicted. (*Harbison* v. *Shook*, 41 Ill. 141.) Therefore, the testimony in regard to these subjects was properly admitted.

Defendant sought to show by certain circumstantial evidence that plaintiff stole the money from Mrs. Kolberg. Plaintiff endeavored to prove certain circumstances which pointed to another person as the thief, and, among these circumstances, was the return, through the Post Office in an anonymous way by such other person, of such portion of the stolen money as the owner thereof was willing to take in settlement of the matter. This conduct of a third party, amounting almost to a confession of guilt, was properly shown as tending to prove the falsity of the charge that plaintiff was the thief.

Some other objections were made to the admission of testimony, which it would require too much time and space to discuss, but which, after a careful consideration of them, we do not regard as sufficiently well taken to justify a reversal.

The trial court refused to give any of the instructions asked by either party, and gave one instruction of its own, divided into sections. The appellant cannot now before this Court question the correctness of any section of the instruction so given, beause, in his motion for a new trial in the court below,

he did not allege the giving of any improper instruction as a reason for granting a new trial. The only grounds relating to instructions, upon which the motion for a new trial was based, were, that the trial court refused "proper instructions asked for by the defendant," and refused to instruct the jury to disregard certain evidence of the plaintiff tending to show the ill will and malice of the defendant towards the plaintiff's father. Nowhere, among the reasons urged in support of the motion, is it stated that the court erred in giving the instruction which it did give, or any section thereof.

In *O., O. & F. R. V. R. R. Co.* v. *McMath,* 91 Ill. 104, we said: "If plaintiff in error had filed certain points in writing particularly specifying the grounds of his motion, then he would, of course, be confined in the Appellate Court to the reasons specified in the court below, and would be held to have waived all causes for a new trial not set forth in his written grounds."

It is, however, assigned as error that the court refused to give the fourteenth, sixteenth and twenty-first instructions asked for by the defendant. These instructions announced the doctrine, that the plaintiff, in an action for slander, is not entitled to exemplary damages, unless the proof shows express malice or malice in fact. Such is not the law in this State. In *Schmisseur* v. *Kreilich, supra,* we said: "From the speaking of actionable words malice is implied, which will justify the assessment of exemplary damages." (*Hosley* v. *Brooks,* 20 Ill. 115; *Harbison* v. *Shook, supra; Flagg* v. *Roberts,* 67 Ill. 485.) Where the proof shows that the actionable words were spoken by the defendant, and that the slanderous charge contained in them is untrue, then the law implies malice, and the jury are authorized to give exemplary damages, and not merely actual or compensatory damages. It is for the jury to determine, from all the facts and circumstances in the case, how much the exemplary damages so awarded shall be. Facts tending to show that there was no actual malice may

be proven in mitigation of the damages, but evidence of such facts can not have the effect of withdrawing the question of exemplary damages from the jury. The refused instructions of the defendant announced, in substance, that the jury should find for the defendant, or should award the plaintiff only nominal damages, if they believed from the evidence that the defendant merely repeated the slanderous words as something he had heard from others, or reported what some one else had said to him. Proof that defendant acted without malice, and merely repeated or reported what he had heard from others, might be competent as mitigating the damages, but not as barring the right of the plaintiff to recover exemplary damages. In *Bergman* v. *Jones*, 94 N. Y. 51, it was said: "Where the falseness of the libel is proved, as a general rule, it is sufficient to warrant the jury in giving exemplary damages."

The newly discovered evidence, referred to in the affidavits filed in support of the motion for a new trial, was merely cumulative in its character, and a new trial will not be granted for the production of such evidence. (*Langdon* v. *The People,* 133 Ill. 382.)

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*