## Balcom v. Michels.

1. *Character—An Action for Slander.*—Where a plaintiff's character is attacked by evidence under a plea of justification, showing that the plaintiff has committed a crime, and casting upon him an imputation of dishonesty, it is competent for him to show, if he can, that he has sustained a good character for honesty in the community where he has lived.

2. *Instructions—Character in Actions of Slander.*—In an action for slander it is error to refuse to instruct the jury that evidence of the plaintiff's general reputation as a law abiding citizen is only intended in mitigation of damages, and not as an impeachment of his character for honesty and integrity.

Memorandum.—Action for slander. Appeal from the Circuit Court of De Kalb County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

JONES & ROGERS, attorneys for appellant.

CARNES & DUNTON, attorneys for appellee.

OPINION OF THE COURT, HARKER, J. P.

This is an action on the case for slander, brought by ap-

pellant against appellee for publishing that appellant had stolen appellee's chickens. To the declaration the general issue and a plea of justification were filed. Under the first plea it was shown in mitigation of damages, by a large number of witnesses, that the plaintiff's general reputation as a law-abiding citizen was bad. The defendant also introduced proof in support of his plea of justification. The plaintiff introduced witnesses in rebuttal and attempted to show that his general reputation for honesty and integrity in the community where he lived was good, but the court sustained objections to such testimony, and would not allow the plaintiff to make the proof. In this the court erred. The plaintiff was entitled to have this testimony heard for the purpose of meeting the proof made by the defendant that his general reputation as a law-abiding citizen was bad in mitigation of damages, and also to meet the proof offered by the defendant in support of his plea of justification. Stowell v. Beagle, 79 Ill. 529; Harbison v. Shook, 41 Ill. 141.

The error is not trivial or merely technical as contended by appellee. Wherever a plaintiff's character is attacked by introducing evidence under a plea of justification, showing that plaintiff has committed a crime and casting upon him an imputation of dishonesty, it is highly important for him to show, if he can, that he has sustained a good character for honesty in the community where he has lived. The court refused the following instruction: " You are further instructed that evidence of plaintiff's general reputation as to his being a law-abiding citizen is only intended in mitigation of damages, and is not impeachment of plaintiff's character for honesty and integrity, and that plaintiff's character for honesty and integrity is presumed to be good." This instruction violated no rule of law, and was applicable to the evidence.

We refrain from expressing any opinion as to the merits of the controversy, as the case must be submitted to another jury. For the errors indicated, the judgment will be reversed, and the cause remanded.