## STATE *versus* CUNNINGHAM.

There is no positive rule of law, which prohibits a jury, in a criminal case, from convicting upon the unsupported testimony of a *particeps criminis*.

EXCEPTIONS from the District Court, RICE, J. presiding. Indictment for larceny.

William Vanner was introduced by the government, and testified that he saw the defendant commit the act; and that he himself aided and assisted in the commission of it.

There was some testimony corroborating, and some testimony impeaching, that of Vanner.

The "counsel for the defendant, requested the Judge to instruct the jury, that they were not authorized to convict the accused, upon the testimony of Vanner, unless corroborated in something which is material, nor upon such testimony, even though corroborated; provided the impeaching testimony outweighs or balances that of the corroborating testimony." Those instructions the Judge refused to give. But he did instruct the jury, *that* they might "return a verdict of guilty, upon the sole and uncorroborated testimony of Vanner, if

they saw fit to do so ; *that* it was in general, more safe not to render a verdict of guilty, upon the unsupported testimony of an accomplice or *particeps criminis ; that* they could do so, if they were fully satisfied his testimony was true ; *that* it was their province to weigh all the testimony in the case, not only that of Vanner, and that which corroborated him, but that which tended to impeach him ; and if, from the whole, the government had failed to remove all reasonable doubt of the defendant's guilt, it was their duty to acquit. But if, from all the testimony, they were satisfied, beyond a reasonable doubt, that he was guilty, it was their duty to convict."

A verdict of guilty was returned and the defendant excepted.

*Ingalls*, for defendant.

The requested instructions ought to have been given. 1 Greenl. Ev. sect. 379, 380, 381 ; 2 Starkie's Ev. 12 and note ; *U. States* v. *Kepler*, 1 Baldwin, 22.

The instruction given was clearly erroneous. It required the jury to convict, although Vanner's testimony might not only be uncorroborated, but impeached. *Ibid.*

*Hubbard*, for the State.

SHEPLEY, C. J., orally. — There is no positive rule of law, that a jury may not convict upon the unsupported testimony of a *particeps criminis.* There may be cases, in which an omission, by the Judge, to advise the jury to look with great suspicion, on such testimony, might be deemed a neglect of duty. Each case has its peculiar circumstances, with reference to which the Judge should exercise a sound discretion, in advising the jury.

This case being put upon strict legal right, the

*Exceptions are overruled.*