ÆNEAS SINCLAIR *versus* DANIEL B. JACKSON.

In an action of *trover*, brought to recover damages for goods stolen, it is not necessary to prove the guilt of the defendant beyond a reasonable doubt, but the jury is to give a verdict according to the weight of evidence, as in other civil cases.

In civil cases, where a criminal act is so set out in the pleadings as to raise that distinct issue before the jury, the crime charged must be proved beyond a reasonable doubt, before the plaintiff is entitled to a verdict; but, where no such issue is raised by the pleadings, the jury may decide upon the preponderance of evidence.

An accomplice in the crime is a competent witness in the civil action; and instruction to the jury, that they are to receive his testimony, and give it the same effect as that of any other witness, *so far as they believe him,* is not incorrect.

THIS was an action of TROVER for $70 in bank bills. The defendant pleaded the general issue.

The loss of the bills was proved by the plaintiff's own testimony.

The plaintiff introduced James Conner, who testified, that

he, one Costellow and the defendant, by preconcert, went to the house of the plaintiff in the night of Sept. 22, 1853, armed with knives and a club, for the purpose of getting the bills; that witness and the defendant stood at the outside door, and Costellow opened the door, which was not locked, went in and brought out a trunk containing the bank bills; that they opened the trunk, took out the bills, and Costellow returned the trunk into the house; that they put the bills into a wallet, and witness hid the wallet and its contents under the foot of a post in the fence, Conner, Costellow and the defendant all being in company together; and that witness had never received any of the money. There was no evidence, except that of Conner, that the defendant ever had any of the bills, or any thing to do with them.

The defendant introduced testimony tending to impeach Conner.

Upon this evidence, the defendant requested the Court, APPLETON, J., to instruct the jury, that it was incumbent on the plaintiff to prove, beyond a reasonable doubt, that the defendant was guilty of stealing the bank bills, or of participating in the larceny, before the plaintiff would be entitled to a verdict.

The Court declined to do so, but instructed the jury, that the rules of evidence in criminal cases did not apply to this case; that the plaintiff would be entitled to a verdict, if he satisfied them by the balance of evidence that the defendant took the money or aided in taking it, as in any civil action; that there was no crime charged in this action, and, although Conner, by his own testimony, proved himself to have been an accomplice in stealing the bank bills, the jury were to receive his testimony, and give it the same effect as that of any other witness, so far as they believed him.

The verdict was for the plaintiff; and the defendant *excepted.*

*J. E. Godfrey*, in support of the exceptions.

Testimony to prove the money, for which this action is brought, to have been stolen, was offered from a witness who

represents himself to be an accomplice of the defendant in the theft. There were no circumstances to confirm, but testimony to contradict the witness. The Judge declined to instruct that the fact alleged must be proved beyond a reasonable doubt, but ruled that it need only be proved by a balance of testimony, as in civil cases. At common law, there must have been a conviction for the theft, before an action would lie to recover the stolen money. 3 Blackstone's Com., 88. It was the same in Maine until 1844. *Crowell* v. *Merrick*, 1 Appl., 392; *Boody* v. *Keating*, 4 Greenl., 164. A jury may convict on the testimony of an accomplice, but not unless sustained by corroborative evidence. Starkie on Ev., Part 3, § 66. The defendant was thus proved to be guilty, before an action could be commenced. The change of law by the statute does not change the rule of evidence in such cases. No one can be condemned for crime by the verdict of a jury in any form of action, unless upon evidence excluding all reasonable doubt.

In *Thayer* v. *Boyle*, 30 Maine, 475, the Court required evidence sufficient to convict of crime, in order to sustain an action for the recovery of the statute penalty. The Judge, in that case, as in this, instructed the jury that they might decide upon the balance of testimony. Exceptions were taken to the instructions, and sustained.

True, the declaration, in the case cited, sets forth the crime, and in this case simply a tort. But the defendant, being absent, had no knowledge of what he was to meet, and was not here even to give his testimony. His friends assumed the defence, and found at the trial that the charge was burglary and larceny, proved by the uncorroborated testimony of an alleged accomplice. Should he be condemned, under such circumstances, without proof beyond a reasonable doubt? Should a mere preponderance of evidence overcome the presumption of his innocence?

*A. Sanborn*, for the plaintiff.

This is a civil action. The writ alleges the conversion by the defendant of certain bank bills of the plaintiff to his own

use. Larceny is not alleged, and need not be proved. The defendant is not on trial for stealing, else a verdict here would be equivalent to a conviction, and bar a criminal prosecution. A party cannot be tried a second time for the same offence, after he has been once convicted or acquitted by the verdict of a jury, and judgment rendered. Story's Com. on Con., § 1781; *Saco* v. *Wentworth,* 37 Maine, 165.

In criminal cases, the guilt of the accused must be proved beyond a reasonable doubt; but in civil actions, the plaintiff is to satisfy the jury, by a preponderance of evidence. 1 Stark. on Ev., § 53; 1 Greenl. on Ev., 19. In an indictment for adultery, the former rule prevails; in a libel for divorce for the cause of adultery, the latter. 2 Greenl. Ev., 40.

The case at bar differs from *Thayer* v. *Boyle,* 30 Maine, 475, which, being for a penalty, though in the form of a civil action, was really a criminal prosecution.

A verdict in civil actions, sometimes, may be set aside if against the weight of evidence, but not if supported by the weight of evidence. It follows, that the balance of testimony was sufficient to warrant a verdict for the plaintiff; and the instruction given was right.

In criminal trials, the testimony of an accomplice is received, though with great caution and discrimination; yet his credibility is a question for the jury, and they may convict on his testimony, without corroboration, if sufficient to satisfy beyond a reasonable doubt. The jury were therefore warranted, in the civil case at bar, in finding for the plaintiff on the testimony of Conner alone, and notwithstanding the attempt to impeach him.

If the verdict was justified by the weight of evidence, the Court will not disturb it, although the instruction was not entirely correct. *Farrar* v. *Merrill,* 1 Maine, 17; *French* v. *Stanley,* 21 Maine, 512; *Howard* v. *Minor,* 20 Maine, 325.

*J. W. Hathaway,* for the defendant.

The only witness was Conner, and his testimony, if true, proved the defendant guilty of burglary and larceny in ob-

taining the bank bills.   The jury, therefore, must have found the defendant guilty of these crimes, before they could give a verdict against him for the value of the bills.

The action is in civil form; but the correctness of the in-. structions depends on the evidence on which they were based.

The object of the statute of 1844, (R. S., c. 120, § 12,) was not to change the rule of evidence concerning the same matter put in issue by the proof, but to prevent the indefinite · postponement of the owner's remedy for loss, should the government delay prosecution for the crime.   Before, the statute was enacted, if, in the course of a trial, it was prov- ed that the defendant stole the goods, a nonsuit would have been entered.   But *now*, as soon as the larceny by the de- fendant appears *prima facie*, he has the benefit of the pre- sumption of innocence, as much as if on trial for the felony. The ruling of the Court in this case deprived him of that benefit.   3 Greenl. Ev., § 39.   The ruling cannot be sustain- ed without overruling *Thayer* v. *Boyle*, 30 Maine, 475.

The tendency of the instructions as to Conner's credit as a witness and an accomplice, was to divest him of all taint arising from his participation in the crime.   The Court should have ruled that it was unsafe and dangerous to find the de- fendant guilty on the uncorroborated testimony of an accom- plice.   1 Greenl. Ev., 379, 380, 382.

The opinion of the Court was drawn up by

RICE, J.—Trover for a quantity of bank bills.   Plea, gen- eral issue.

There was evidence in the case tending to show that the defendant, with others, obtained possession of the bills by an act of larceny.   In view of this testimony, the presiding Judge was requested to instruct the jury, that it was incumbent on the plaintiff to prove, beyond a reasonable doubt, that the de- fendant was guilty of stealing the bills, or of participating in the larceny of them, before the plaintiff would be entitled to the verdict. . This instruction was not given.

In the case of *Thayer* v. *Boyle*, 30 Maine, 475, which was

trespass for wilfully and maliciously setting fire to and burn-ing the plaintiff's barn with its contents, the presiding Judge instructed the jury, that they should decide upon the balance of testimony, as in other civil cases. These instructions, the majority of the full Court held, were not so favorable to the defendant as he had a right to require.

In cases of insurance it is said, in 2d Greenl. on Ev., 408, when the defence is, that the property was wilfully burned by the plaintiff himself, the crime must be as fully and satisfacto-rily proved to the jury as would warrant them in finding him guilty on an indictment for the same offence.

The same rule has been held to be the law in this State, in cases of that description. *Butman* v. *Hobbs & Tr.*, 35 Maine, 227.

But in *Schmidt* v. *New York M. F. I. Co.*, 1 Gray, 529, which was an action on a policy of insurance, and where one of the grounds of defence was, " that the fire was set by the plaintiff, and was his own fraudulent and wilful act," the Judge was requested to instruct the jury that the defendants must satisfy them beyond a reasonable doubt, that the plaintiff pur-posely set fire to the property insured, before they could find for the defendants. The Judge declined so to instruct, and his ruling was sustained.

In civil cases, when the rule contended for by the defend-ant is required, the criminal act must be so set out in the pleadings, as to raise that distinct issue before the jury. But when no such criminal act is raised by the pleadings, the jury are authorized to decide upon the preponderance of the evi-dence. 1 Greenl. on Ev., 537; *Schmidt* v. *Ins. Co.*, 1 Gray, 529.

No such issue was presented by the pleadings in this case. Nor was it necessary that the jury should find that a larceny had been committed to entitle the plaintiff to a verdict. Though the taking might have been felonious, it was not necessarily so. The only issue presented to the jury was one of conversion. That fact is all that will be established by the record. The fact that testimony was introduced tend-

ing to show that the defendant had committed a larceny as well as converted the property, cannot change the result.

Suppose, in a case of assumpsit on a note of hand, tried upon the general issue, evidence should be introduced tending to show that the defendant's name upon the note was a forgery; or in a case of replevin, testimony should be introduced tending to show that the defendant obtained possession of the property under such circumstances as to constitute larceny, would the plaintiffs be required to establish their rights by the same *degree* of evidence as would be required to convict the defendants of forgery or larceny? Clearly not; and for the plain reason that no such criminal charges would be in issue before the jury. So in this case.

The instructions to the jury, that they should receive the testimony of Conner, the alleged accomplice of the defendant, and give it the same effect as that of any other witness, *so far as they believed him,* were correct. He was a competent witness, and, if the defendant had desired further specific instructions in relation to his standing or his testimony, he should have asked them.          *Exceptions overruled.*

TENNEY, C. J., and APPLETON, CUTTING, MAY, and KENT, JJ., concurred.