## Daniel Sprague

*v.*

## Darius Dodge *et al.*

1. Evidence—*in civil cases—where a crime is charged in the pleadings—of proof required.* In civil actions, where a criminal offense is charged in the pleadings, the rule of evidence applicable in a criminal prosecution, for the offense charged, applies.

2. Same—*rule only applies to cases where the pleadings charge the offense.* But this rule applies only to cases where the charge of criminality is made in the pleadings.

3. Same—*of proof beyond a reasonable doubt—where not required.* In civil actions, where either party relies upon establishing a criminal offense against the other, the presumption of innocence should only be yielded upon satisfactory evidence of guilt. And although clearer proof would be required in such case, than in one involving no criminality, yet the sufficiency of such proof is to be determined by the jury, and need not be of such character as shall satisfy them beyond a reasonable doubt.

Appeal from the Circuit Court of DeKalb county; the Hon. T. D. Murphy, Judge, presiding.

The opinion states the case.

Messrs. LOWELL & KELLUM, for the appellant.

Mr. JAMES K. EDSALL, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court.

This was an action of assumpsit, brought by Dodge & Clement, against Sprague & Booth. Sprague only was served, and the trial resulted in a verdict and judgment against him, from which judgment he prosecuted an appeal.

The defendants had leased, from the plaintiffs, a flouring mill, and had contracted to surrender the premises, at the expiration of the term, in as good condition as they were in at the commencement thereof, " natural wear and tear, unavoidable accident by fire, tempest, and other casualties only excepted." The mill was burned, and this suit was brought upon the foregoing stipulation in the lease, the declaration averring that the fire was caused by the misconduct and carelessness of the defendants.· There was evidence tending to prove that the mill was set on fire by the defendant Sprague, and, in reference to this testimony, his counsel asked the court to instruct the jury in substance, that they could not find a verdict against him upon this evidence, unless it was such as would convict the defendant of the crime of arson, and if they had any reasonable doubt of his guilt, they must find for him upon the issue raised by this portion of the testimony. The court refused this instruction, having already instructed for the plaintiff, that a fair preponderance of proof, which satisfied the mind of the jury, was sufficient. It is upon this action of the court that counsel for appellant seem chiefly to rely for a reversal of the judgment.

Where, in civil cases, a criminal offense is charged in the pleadings, it has been held the offense charged must be proved

beyond a reasonable doubt. This has been adopted as the rule of this court in actions of slander charging a criminal offense. *Crandall* v. *Dawson*, 1 Gilm. 556 ; *Harbison* v. *Shook*, 41 Ill. 141. Even this rule, however, is not uniform, as it has been held, in Louisiana and Wisconsin, that even when the offense is charged in the pleadings, the rule of evidence belonging to criminal cases does not apply. *Wightman* v. *West. Ins. Co.*, 8 Robinson 442; *West. Union Ins. Co.* v. *Wilson*, 7 Wis. 169. But even in those courts, where the more rigid rule obtains, it is held only to apply to cases where the charge of criminality is made in the pleadings. *Sinclair* v. *Jackson*, 47 Maine 102 ; *Schmidt* v. *N. Y. Mut. Fire Ins. Co.*, 1 Gray 529. The counsel for appellant cite no authority extending the rule beyond this class of cases, and we are not disposed to carry it further.

Undoubtedly, even in civil cases, where either side relies upon establishing a criminal offense against the other, that same presumption of innocence is to be indulged, which we indulge in all cases until guilt is proved, and a jury should yield this presumption only to satisfactory evidence. In other words, their minds must be satisfied, and this was required by the instruction given for the plaintiff in the case before us. In order to be satisfied, they would unavoidably require clearer proof than would be necessary in a case involving no criminality, but the sufficiency of this proof must be left to them, and the court would err if it were to enjoin upon them that rule of reasonable doubt, which was devised to give additional security to life and liberty, against an oppressive penal code, and which is so often made the instrument, in the hands of skillful counsel, before an unintelligent jury, of saving criminals from the punishment they deserve.

It is not necessary to discuss the other errors assigned, as counsel can not have placed any reliance upon them.

*Judgment affirmed.*