WILLIAM DECKER *vs.* SOMERSET MUTUAL FIRE INSURANCE COMPANY.

Somerset, 1876.—May 26, 1877.

*Evidence. Exceptions.*

Presumptions, like probabilities, are of different degrees of strength; and while it is true that, in civil causes, a preponderance of evidence is all that is required, still, to create a preponderance, the evidence must be sufficient to overcome the opposing presumptions as well as the opposing evidence, and more evidence will be required to maintain the affirmative of an issue, when the opposing presumption is strong than when it is weak.

To fasten upon a man a very heinous or repulsive act requires stronger proof than to fasten upon him an indifferent act, or one in accordance with his known inclinations.

It is not error to instruct a jury that they are to require more evidence to prove that the defendant set fire to his buildings to defraud an insurance company than to establish payment of a note or prove an account in set-off.

Exceptions will be sustained only when it affirmatively appears that the party filing them has been aggrieved by the ruling excepted to.

Where the defendant excepted to the admission in evidence of a paper without first proving its execution, and it did not appear that he had made the affidavit required by rule X of this court, nor that the paper was not mentioned in the plaintiff's declaration, the exception was not sustained.

Where the defendant excepted to the admission of oral evidence to prove the interest of a certain mortgagee, and that he paid the premium for the insurance, and it did not appear for what purpose the evidence was offered, nor what the ground of objection was, the exception was not sustained.

ON MOTION AND EXCEPTIONS.

CASE upon an insurance policy against fire.

The exceptions state that it became material for the plaintiff to show that he had made proof of loss; and for that purpose he offered a paper purporting to be signed by John Diggles, and having upon its face a slip of paper attached by mucilage upon which was written C. A. Atkinson; that the defendant objected to the paper as incompetent, also that in case the paper was read, the plaintiff should prove its execution; but the court allowed the paper to be read without such proof; that the plaintiff offered oral evidence to prove the interest of a certain mortgagee, and that the premium for insurance was paid by him; and that the court admitted the evidence against the defendants' objection.

The court instructed the jury among other things, as follows :

"Some question has been raised in regard to the amount of proof necessary to establish this defense.

I instruct you that in order to establish the defense, you must find that it has been reasonably established, that is, that it has been established to your reasonable satisfaction ; but when that amount of proof is furnished you, then you would be authorized to find that the defense is made out. You are to require more evidence in cases of this kind than you would to establish payment of a note, or establish an account in set-off filed against an action brought on a contract. Considering the gravity of the charge, you as reasonable and reasoning men would ordinarily, if the law did not lay down any rule at all, require stronger proof of its truthfulness than you would in ordinary cases between party and party arising out of matters of contract."

The verdict was for the plaintiff and the defendants alleged exceptions.

*H. Knowlton,* for the defendants, contended that the action being civil in its form and nature should be determined by the preponderance of evidence ; that no more proof was required in this than in any other civil suit ; that it was error to instruct the jury that they were to require more evidence in cases of this kind, citing *Knowles* v. *Scribner,* 57 Maine, 495 ; that the evidence to establish the genuineness of the paper should be the best attainable and that the paper was inadmissible without proof of its execution.

*S. D. Lindsey,* for the plaintiff, contended that the instruction in regard to the amount of proof was correct and in accordance with the doctrine of Knowles and Scribner cited by the defendants' counsel. *Schmidt* v. *New York F. Insurance Co.,* 1 Gray, 529. *Gordon* v. *Parmelee,* 15 Gray, 413. That the notice of loss was seasonably furnished the defendants, and if defective, they should have notified the plaintiff and required more formal proof or defects would be regarded as waived. *Bartlett* v. *Union M. F. Ins. Co.,* 46 Maine, 500. *Walker* v. *Metropolitan Ins. Co.,* 56 Maine, 371. *Patterson* v. *Triumph Ins. Co.,* 64 Maine, 500. And

that the plaintiff was not required to furnish proof of signature to notice of loss, referred to in the writ and falling within the 10th rule of this court.

WALTON, J. This case is before the law court on motion and exceptions. It is an action on an insurance policy against fire. One ground of defense is that the fire was willfully set by the plaintiff himself, or by his procurement.

I. The presiding judge instructed the jury that in order to establish this defense, they must find that it had been reasonably established; that is, that it had been established to their reasonable satisfaction; that they were to require more evidence than they would to establish payment of a note, or prove an account in set-off; that they would consider the gravity of the charge, and require stronger proof of its truthfulness than they would in ordinary cases arising out of matters of contract. Such was the substance of the charge upon this point; and it is claimed that it must have given the jury to understand that something more than a mere preponderance of evidence was necessary to establish the defense, and was therefore erroneous. We think the objection is not sustained. Certainly the judge did not say in so many words that anything more than a preponderance of evidence was necessary. Nor do we think it is implied in what he did say.

To create a preponderance of evidence, the evidence must be sufficient to overcome the opposing presumptions as well as the opposing evidence. Presumptions, like probabilities, are of different degrees of strength. To overcome a strong presumption requires more evidence than to overcome a weak one. To fasten upon a man a very heinous or repulsive act requires stronger proof than to fasten upon him an indifferent act, or one in accordance with his known inclinations. To fasten upon a man the act of willfully and maliciously setting fire to his own buildings, should certainly require more evidence than to establish the fact of payment of a note, or the truth of an account in set-off; because the improbability or presumption to be overcome in the one case is much stronger than it is in the other. Hence it can never be improper to call the attention of the jury to the character of the issue, and to remind them that more evidence should be required

to establish grave charges than to establish trifling or indifferent ones. Such an instruction does not violate the rule that in civil suits a preponderance of evidence is all that is required to maintain the affirmative of the issue; for, as already stated, to create a preponderance of evidence, it must be sufficient to overcome the opposing presumptions as well as the opposing evidence. *Ellis* v. *Buzzell*, 60 Maine, 209. *Knowles* v. *Scribner*, 57 Maine, 495.

II. The defendant also excepts to the admission in evidence of a paper, purporting to be the proof of loss required by the terms of the policy, without first proving its due execution. The exceptions do not show that this objection was open to him. For aught that appears the paper may have been declared on or mentioned in some specification filed by the plaintiff, in which case it would be necessary for the defendant to make the affidavit required by rule X of this court, or he would not be in a position to call for proof of its execution; and it does not appear that such an affidavit was made. No error being made affirmatively to appear, the exception must be overruled. *Reed* v. *Canal Corporation*, 65 Maine, 53.

III. The exceptions state that the plaintiff offered oral testimony to prove the interest of a certain mortgagee, and that he paid the premium for the insurance; and that this testimony was admitted, notwithstanding the defendant objected to it; but the exceptions do not state the purpose for which the evidence was offered, nor the ground of objection to it. There are many purposes for which such evidence would be admissible, and it not being apparent that it was admitted for an illegal one, this exception must also be overruled.

IV. The motion for a new trial on the ground that the verdict is against the weight of evidence must also be overruled. We are not satisfied that it is against the weight of evidence.

*Motion and exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.