## SPURLIN *v.* THE STATE, EX REL. VANCLEAVE.

[No. 2,558.   Filed June 7, 1898.]

INSTRUCTIONS.—*Elections.*— *Purchase of Votes.*— *Penalty.*— In the trial of an action to recover the penalty provided by sections 6325, *et seq.,* Burns' R. S. 1894, for purchasing or attempting to purchase votes at an election held pursuant to law, the court erred in refusing to instruct the jury that defendant was presumed to be innocent of the crime therein charged until such presumption was overthrown by the preponderance of the evidence.

From the Shelby Circuit Court.   *Reversed.*

*T. B. Adams* and *Isaac Carter,* for appellant.

*Wray & Campbell,* and *Wilson & Thompson,* for appellee.

BLACK, J.—It is provided by statute, section 6325, *et seq.,* Burns' R. S. 1894, 4768a, *et seq.,* Horner's R. S. 1897, that whoever hires or buys, directly or indirectly, or handles any money or other means, knowing the same is to be used to induce, hire or buy any person to vote or refrain from voting any ticket or for any candidate for any office at any election held pursuant to law, shall be liable to the person hired, bought or induced to vote or refrain from voting by such means, in the sum of $300.00 and reasonable attorney's fees for collecting the same, in an action to be brought in the name of the State on the relation of the voter

in whose favor such liability is thus created. Under the provisions of the statute the action has characteristics like those of criminal proceedings in some regards, but it is provided that the rules of evidence shall be the same as in civil causes, and that the trial and continuance of such prosecution, in all respects not by the statute otherwise provided, shall be governed by the law regulating civil suits.

The case at bar was such an action, the appellant being charged by the verified complaint with having, on the 30th day of October, 1896, offered and promised to give and pay to the relator the sum of fifteen dollars in money to induce him to vote for two candidates named at the general election on the 3rd day of November, 1896, it being alleged that thereupon the relator, being so induced to do so, agreed with the appellant so to vote for said candidates.

We set out only the substance of a portion of the complaint, sufficient to indicate the character of the charge against the appellant. On the trial, the court refused to give to the jury an instruction duly proposed by the appellant, wherein, after referring to the charge against appellant in the complaint, it was said that if he did as thus charged, he committed a crime, and that there could not be a verdict against him unless the jury should find that he so offered said money. The rejected instruction then proceeded as follows: "The defendant is presumed to be innocent, and this presumption remains, and must be considered by you in connection with and together with all evidence, if any, in the case that tends to show that the defendant is innocent of the crime charged, until such presumption and evidence are overthrown by a preponderance of the evidence; and unless you find that such presumption and such evidence tending to show innocence, if

any, have been overthrown by a preponderance of the evidence, your verdict must be for the defendant."

In the instructions given, all of which are shown by the record, the court informed the jury that the burden was upon the plaintiff of proving every material fact alleged in the complaint by a preponderance of the evidence, before he could recover, and that if they found that he had proved the material facts of his complaint by a preponderance of the evidence, they should find for the plaintiff, but that if they found that he had failed to prove all the material facts in his complaint by a preponderance of the evidence, they should find for the defendant.

In the instructions given there was no mention of a presumption of the appellant's innocence, and the instruction refused above mentioned was not given in substance unless it was included in and sufficiently covered by what the court instructed relating to the preponderance of the evidence as above stated. It is true that such conduct as that with which the appellant was charged in the complaint would have constituted a crime, it being provided by statute, section 2329, Burns' R. S. 1894, 4779c, Horner's R. S. 1897, that any person who shall give or offer to give, directly or indirectly, any money, property, or other thing of value to any elector to influence his vote at any regular election held in this State pursuant to law, shall be guilty of a misdemeanor, etc. The action was one for the recovery of a civil penalty for a tortious act, which was also a crime. *State, ex rel.,* v. *Schoonover,* 135 Ind. 526. It is also correctly admitted that when a person is charged with the commission of a crime, whether in a criminal prosecution or in a civil action, he is presumed to be innocent until the contrary is satisfactorily established. In a criminal prosecution his guilt must be proved beyond a reason-

able doubt. In civil actions involving in their issues a charge of crime it has sometimes been held necessary to prove the commission of the crime beyond a reasonable doubt, but the rule prevailing extensively in this country in a civil action, as the case before us must be regarded, requires only that the facts in issue be proved by a preponderance of the evidence, though a charge of crime be involved.

The instruction which was here refused would not, if given, have required proof beyond a reasonable doubt. It did not go to such extent. In Burr W. Jones on Evidence, section 193, it is said, "But where the issue involves a charge of moral turpitude, the presumption of innocence obtains in civil as well as in criminal cases; hence when in a civil action a party is charged with a crime, the evidence should be sufficient to overcome the presumption of innocence; and for this purpose more evidence may be necessary than in ordinary cases."

In *Decker* v. *Somerset Ins. Co.*, 66 Me. 406, where the action was on an insurance policy against fire, and one ground of defense was that the fire was wilfully set by the plaintiff, or by his procurement, the court, in discussing an instruction said: "To create a preponderance of evidence, the evidence must be sufficient to overcome the opposing presumptions as well as the opposing evidence. Presumptions, like probabilities, are of different degrees of strength. To overcome a strong presumption requires more evidence than to overcome a weak one. * * * Hence it can never be improper to call the attention of the jury to the character of the issue, and to remind them that more evidence should be required to establish grave charges than to establish trifling or indifferent ones. Such an instruction does not violate the rule that in civil suits a preponderance of evidence is all

that is required to maintain the affirmative of the issue; for, as already stated, to create a preponderance of evidence, it must be sufficient to overcome the opposing presumptions as well as the opposing evidence." See, also, *Lyon* v. *Fleahmann*, 34 O. St. 151.

In *Jones* v. *Greaves*, 26 O. St. 2, 20 Am. Rep. 752, it was said: "Where the facts charged involve moral turpitude, there is a presumption of innocence, which stands as evidence in favor of the party charged; and the more heinous' the offense, the stronger the presumption.   It is only where the testimony, when considered in connection with the presumption of law arising in the case, preponderates in favor of the charge that its truth should be found."

In *Lyon* v. *Fleahmann, supra,* it was said: "We usually meet, in connection with the claim that all civil cases must be determined by a preponderance of evidence, the admission that if the issue in a civil action involves a crime, the accused is entitled to the presumption of innocence."

In *Hills* v. *Goodyear*, 4 Lea (Tenn.) 233, 40 Am. Rep. 5, the court said: "The law in all cases, civil or criminal, presumes innocence.   Obviously, therefore, to create a preponderance of evidence in a civil case, where crime is imputed to one party, the other party assumes the burden of not only overcoming the evidence of his opponent, by a preponderance, but of overcoming also the presumption of law in favor of the innocence of his adversary.   In other words, there is no preponderance on the side of the charge of guilt, unless the evidence is sufficient to overbalance the opposing presumption as well as the opposing evidence, including evidence of character."   In the same case it was further said: "The court should instruct the jury upon the legal effect of the evidence of character or presumption of innocence, and it is the duty of the

jury to weigh these elements, in connection with the other proof, in arriving at a conclusion on which side the preponderance exists." See, also, *Sprague* v. *Dodge,* 48 Ill. 142, and the notes following that case in 95 Am. Dec. 523, 528.

The case of *Continental Ins. Co.* v. *Jachnichen,* 110 Ind. 59, is cited by both parties. It is in harmony with the prevailing modern rule in this country that proof beyond a reasonable doubt should not be required in a civil case involving a charge of crime in the issues. It is also in agreement with the opinions of courts of other states above quoted regarding the presumption of innocence, and it upholds the giving of such an instruction as that asked by the appellant and rejected by the court. That instruction was in a general way covered by the instructions given, wherein the necessity of maintaining the charge against the appellant by a preponderance of the evidence was stated. Yet we think the appellant, having requested it, was entitled to have the attention of the jury called to the presumption of his innocence and to have the jury directed to give due effect to that presumption.

The purchase of votes involves moral obliquity of all parties to the transaction. It is disgraceful, and its disgrace should not be minified. Both the buyer and the seller deserve the severest condemnation. But in the action to recover in behalf of the seller a penalty from the buyer, the alleged buyer should not be deprived of the proper consideration by the jury of the presumption of innocence which is indulged in favor of every man charged with crime, at least where he tenders an instruction properly stating the law on that subject. The instructions given would have been sufficient as against a party not asking further

instruction, but we think the court erred in omitting the instruction asked.    The judgment is reversed, and the cause is remanded for a new trial.