STATE OF MAINE
*vs.*
BURLEIGH JAMES

Kennebec.   Opinion, January 18, 1965.

*Jon Lund, County Atty.,* for State.

*Henry Steinfeld,*
*John Fitzgerald,*
*Robert A. Wilson,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

WEBBER, J.   The respondent was tried by a jury and convicted of the crime of breaking and entering with intent to commit larceny.   The issues raised on review are set forth in the bill of exceptions and will be considered in the order in which they appear.

## EXCEPTION 1.

"The Respondent examined the State's chief witness, Conrad Sirois, in the absence of the jury. On the basis of the facts brought out that the witness stated that he was in fear and was testifying only because of pressures applied on him, the Court was asked to declare the witness incompetent which the Court refused to do."

The evidence discloses that the State's witness was the accomplice of the respondent and that for some time after the arrest of the witness he had been reluctant to name or identify his accomplice. He ultimately gave the requested information to the authorities in an effort to avoid or minimize the possibility that he might be prosecuted upon a criminal charge presently on file and receive a severe sentence thereon. He offered no objection to testifying as a witness for the State. He acknowledged that the authorities had requested only that he tell the truth and that no promises had been made in return for his cooperation. These were all matters which were fully disclosed to the jury as a part of the evidence for their consideration. The respondent seems to be proceeding upon the mistaken theory that a witness for the State whose willingness to give truthful evidence against a respondent is motivated by "fear" of consequences to himself if he remains silent should be declared "incompetent" by the presiding justice. The effect of the motion would be to suppress evidence otherwise admissible. The witness was entirely competent and the attempted impeachment by the respondent merely raised questions to be considered by the jury in assessing the credibility of the witness and the weight to be given to his testimony. It should be noted in passing that no constitutional rights of the respondent or the witness were asserted or in any way involved.

### EXCEPTION 2.

"Several Exhibits were admitted in the case which were not tied in to the Respondent in any way. The Respondent seasonably objected but was overruled."

The exception does not adequately inform us as to what exhibits are alleged to have been improperly admitted or where in the record the rulings objected to may be found. The respondent's brief does not give us references to the record but does indicate that the exhibits referred to are a revolver, a flashlight and a screwdriver. A reading of the entire record indicates that these articles, owned by the State's witness, were used by him and the respondent in their concerted activities while engaged in the criminal acts alleged by the State. Under these circumstances their admissibility in evidence cannot seriously be questioned.

### EXCEPTION 3.

"At the conclusion of the evidence, the Respondent moved for a directed verdict on the ground that the testimony of the State's chief witness, Conrad Sirois, was uncorroborated and, secondly, that it was inconsistent. In one breath he places the Respondent at the scene of the crime and he says that he was not. The Motion was denied."

The respondent recognizes that this court has heretofore adhered to the rule that one may be convicted upon the uncorroborated testimony of an accomplice. In *State* v. *Morey, et al.*, 126 Me. 323, 327, 138 A. 474, 475, the rule was thus stated:

> "The testimony of an accomplice is received, though with great caution and discrimination. His credibility is a question for the jury and they may convict on his testimony without corroboration, if sufficient to satisfy them beyond a reasonable doubt."

This rule was reaffirmed in *State* v. *Hume,* 146 Me. 129, 143, 78 A. (2nd) 496, 504. The respondent urges that we overrule these decisions and hold that a conviction based upon the uncorroborated testimony of an accomplice cannot be sustained. We see no occasion to depart from a rule which has served well for many years. The problem is essentially one of weight and credibility and we are satisfied that a jury, acting under proper instructions, can exercise that care and caution in evaluating the testimony of the accomplice which insure a fair trial to the respondent.

The respondent further contends that the testimony of the State's witness was so inconsistent as to be unworthy of belief and a convicion based thereon cannot be sustained. The witness first described the events which occurred some time before the commission of the crime. He and his father and the respondent were all present at a place known as the "Polish Club." The witness and his father were the first to leave these premises. They rode in the father's truck driven by the witness. They left at the "Polish Club" an automobile owned by the witness which was to be used and in fact was used by the respondent later in the evening. The witness testified that he "got off" the truck in Gardiner and waited for the arrival of the respondent James. When James arrived a few minutes later in the automobile owned by the witness, the latter joined the respondent and they proceeded together to Augusta and the scene of the crime. The witness described in detail their combined acts of burglary and their subsequent attempt to escape, an attempt in which the respondent was successful but the witness was not. During his cross-examination the witness was asked by the respondent's attorney:

"Q. Isn't it a fact, Conrad, that Burleigh was not with you that evening after you left the Polish Club?

A. Yes sir.

Q. That is a fact?

A. Yes sir.

THE COURT: May the Reporter read that question again to the witness.

(The last two questions were read by the Reporter)

THE COURT: Do you understand that question?

THE WITNESS: Yes sir, I was with my father.

THE COURT: May I have that question again?
(The question was read again by the Reporter)

THE COURT: Well, you have answered you were with your father. You may proceed."

Later in redirect examination the witness was asked:

"Q. Conrad, has anybody asked you to say anything on the stand other than the truth?

A. No sir.

Q. When you have been on the stand today, have you told the truth?

A. Yes sir.

This was immediately followed by the following recross examination:

"Q. And everything that you have testified today right there has been the truth?

A. Yes sir.

Q. You haven't varied once?

A. No sir."

The respondent reads into this bit of testimony a complete repudiation by the witness of all of his detailed narrative account of the events which occurred that evening after he rejoined the respondent in Gardiner. The jury, however, was entitled to take into account its observation of the witness and the extent of his apparent comprehension of semantics and his mastery of the niceties of English

grammar. The jury was entitled to conclude that the witness intended no more than that he was not in the company of the respondent at the time he left the Polish Club and immediately thereafter. The jury must have determined, and properly so, that the witness did not intend by his use of the word "after" to convey the impression that he was never again during that entire night in the company of the respondent. The answer when so construed is entirely consistent with the narration of the events of the night and is further consistent with the above quoted unqualified affirmation by the witness that he had at no time in his testimony deviated from the truth. We are satisfied that the evidence in the case was not marked by that degree of inconsistency and lack of credibility which would preclude a finding of guilt beyond a reasonable doubt.

### EXCEPTION 4.

"Nowhere in the instructions to the jury did the Court inform them that while a jury may convict on the testimony of an accomplice, they may not unless the testimony of the accomplice is supported by corroborative evidence, which it was not in this case."

The legal principle which the respondent here seeks to invoke has been fully analyzed and discussed in our comment on Exception 3. We need only add that the respondent offered no objections to the instructions given to the jury and offered no requests for further instructions. Maine Criminal Rules, Rule 8 (155 Me. 645, 646) provides in part: "Objections to any portion of the charge or omission therefrom must be made before the jury retires to consider its verdict *or be regarded as waived.*" (Emphasis ours.)

### EXCEPTION 5.

"The verdict is against the law and the weight of the evidence."

This exception must be dismissed.

The entry will be

*Exceptions 1 to 4 inclusive overruled.*
*Exception 5 dismissed.*
*Judgment for the State.*