**STATE of Maine**

v.

**Charles SMITH.**

Supreme Judicial Court of Maine.

Nov. 30, 1973.

---

David M. Cox, County Atty., Bangor, for plaintiff.

Michael E. Goodman, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD,* JJ.

POMEROY, Justice.

Charles Smith, the appellant herein, may have assumed he could commit the crime of robbery without danger of arrest and conviction for the offense because,

    (a) the victim of this robbery was blind, and

    (b) the only sighted witness to his crime was his girlfriend who was *"in love with him."*

If so, how wrong he was!

Not only was he arrested and convicted of the offense in a jury waived trial, but the witnesses against him were the blind victim who identified him through his *"audio characteristics,"* which were *"the gritted teeth and the shaky breathing through his teeth,"* and the girlfriend who despite the fact she was *"madly in love"* with him, testified as a State's witness and described the robbery in minute detail.

He has appealed the conviction.

We deny the appeal.

His court-appointed attorney, in an excellent and well-reasoned brief, has attacked the conviction alleging

(1) that he was convicted on the uncorroborated testimony of an accomplice, and

(2) even though Maine has consistently allowed convictions to be had on such uncorroborated testimony, we ought change the rule and require corroboration.

The Maine rule that conviction may be had upon the unsupported testimony of a *particeps criminis* appears to have been first pronounced by Shepley, C. J., in State v. Cunningham, 31 Me. 355 (1850).

The rule was examined in Sinclair v. Jackson, 47 Me. 102 (1860), and later extensively discussed in State v. Morey, 126 Me. 323, 138 A. 474 (1927). More recently in State v. James, 161 Me. 17, 206 A.2d 410 (1965), this Court again examined and approved the Maine rule.

As recently as January, 1972, this Court again in State v. Jewell reasserted the viability of the firmly established and well entrenched rule adopted so long ago. Me., 285 A.2d 847 (1972).

While it is true not all jurisdictions follow such rule (for example Texas, North Dakota, Georgia, Oklahoma and California), we note that our rule is in accordance with the rule prevailing in the Federal Courts, United States v. Kelly, 349 F.2d 720 (2nd Cir. 1965).

Even those states which require corroboration of the testimony of an accomplice in order for a conviction to stand are not in complete agreement as to the quantum of proof required by such corroborating evidence. See for example: Waldrop v. State, 221 Ga. 319, 144 S.E.2d 372 (1965); State v. Binns, N.D., 194 N.W.2d 756 (1972).

Well reasoned as the appellant's argument before us has been, we remain unconvinced that we ought change the rule.

---

* Webber, J. sat at argument but retired before this opinion was adopted.

Our position is the same as that announced a year ago in State v. Jewell, supra.

In this case there is serious question that the girl who testified was in fact an accomplice. The presiding Justice who sat as a factfinder (the case having been jury waived) would certainly have been justified in finding that she was not.[1]

In addition the young lady's testimony was corroborated in several material respects by the blind victim.

The appellant makes much of the fact that the State's witness, who he alleges was an accomplice, admitted in her testimony that she had many times been a patient in various hospitals where she was treated for her mental condition, and further admitted that she long had been addicted to the use of drugs, including hallucinogenic drugs.

All of these arguments were addressed to the weight which should be accorded her testimony by the factfinder. In this case the factfinder (the presiding Justice) had the opportunity to see the witnesses and evaluate their credibility. Despite the admission by the girl that she was emotionally unstable and addicted to the use of drugs and despite the unusualness of the corroborative testimony, (i. e., identification by a blind man by use of audio characteristics), the presiding Justice concluded as fact there was no reasonable doubt as to the appellant's guilt.

We cannot say he was wrong in so concluding.

The entry must be,

Appeal denied.

All Justices concurring.

---

1. Her testimony was to the effect that she went to the victim's home for the purpose of borrowing money from him and that she was unaware that the defendant had any intention of committing the robbery which she says he did commit.