Lancaster Yellow Cab & Baggage, Inc. and Model Management Service, Inc., Petitioners *v.* Pennsylvania Public Utility Commission, Respondent.

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*William J. Cassidy,* with him *John Paul Kershner* and *Charles Foltz Herr, Appel, Herr & Appel,* for petitioner, Lancaster Yellow Cab & Baggage, Inc.

*Dennis J. Ward, Eaby & Eaby,* for petitioner, Model Management Service, Inc.

*Eric A. Rohrbaugh,* Assistant Counsel, with him *Mark S. Jennings,* Assistant Counsel, *Alfred N. Lowenstein,* Deputy Chief Counsel, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent.

*R. S. Trigg,* for intervenor, Bluebird Taxi Company.

OPINION BY JUDGE ROGERS, July 27, 1981:

Carlos Ortiz, Jr., and William Rodrigues, who plan to do business under the fictitious name of Bluebird Taxi Company, filed an application for a certificate of public convenience to engage in the taxicab business in the City of Lancaster and within ten miles of the city limits. Three other enterprises engaged in the business protested and two, Lancaster

Yellow Cab and Baggage, Inc. and Model Management Service, Inc., trading as Friendly Taxi Service, have appealed from the final order of the Public Utility Commission adopting the decision of Administrative Law Judge MORRIS MINDLIN recommending the issuance of a certificate to Ortiz and Rodriguez limited to the use of six vehicles and subject to their compliance within sixty days with all Public Utility Code requirements and regulations of the Commission.

The appellants question the sufficiency of the evidence bearing on (1) the technical and financial capacity of Ortiz and Rodrigues to perform the service they propose and (2) the need for the proposed additional taxi service. There is ample record evidence supporting the findings favoring Ortiz and Rodrigues on both issues. Ortiz had driven taxicabs in New York City and Rodrigues had been a policeman in Puerto Rico and since coming to America had worked as a prison guard and for a chain grocery store. Both speak Spanish and English and they proposed emphasizing service to the Spanish-speaking community of Lancaster. With respect to their financial capacity, it was shown that they had already in possession two five-passenger motor vehicles, that Ortiz has a personal automobile worth $3,900 and that Rodrigues owns real estate in Puerto Rico for which he receives $200 per month in rent.

With respect to the need for the proposed service, which necessarily involves the question of the adequacy of the present taxi service in the service area, Ortiz and Rodrigues produced fifteen witnesses who described various difficulties with the existing service including long waits and nonappearances of summoned cabs, circuitous trips, suggestions of overcharging, but most especially, communication problems with drivers and dispatchers with no knowledge

of the Spanish language. The proprietor of a substantial chicken-processing enterprise located about eight miles from Lancaster testified for the applicants to the effect that his many Spanish-speaking employees who reside in Lancaster City were, as he asserted, poorly, if at all, served by the existing cab companies and that on Sunday nights there was no cab service for rabbis arriving from New York to supervise the processing of Kosher meats during the ensuing week. A former dispatcher for one of the protestors, now engaged in a different line of work, testified that the present taxicab service in Lancaster was generally inadequate but especially inconvenient to the Spanish-speaking community.

The statute invests the Commission with the power to grant a certificate of public convenience when it is satisfied that such action is necessary or proper for the service, accommodation, convenience or safety of the public. Section 1103(a) of the Public Utility Code, 66 Pa. C. S. Section 1103(a). Where the facts support the Commission's finding in a carrier case, we may not make an independent judgment and substitute it for the judgment of the Commission and we may not indulge in the process of weighing evidence. *Johnstown-Pittsburgh Express Inc. v. Public Utility Commission*, 5 Pa. Commonwealth Ct. 521, 291 A.2d 545 (1972); *Pennsylvania Public Utility Commission v. Pennsylvania Radio Telephone Corporation*, 20 Pa. Commonwealth Ct. 591, 342 A.2d 489 (1975). As Mr. Justice ROBERTS wrote in *Philadelphia Suburban Water Co. v. Pennsylvania Public Utility Commission*, 425 Pa. 501, 508, 229 A.2d 748 (1967): "As regards . . . the public interest . . . the Commission's discretion must be accepted unless totally without support in the record based on an error of law or unconstitutional. . . ."

Order affirmed.

## ORDER

AND Now, this 27th day of July, 1981, the final order of the Pennsylvania Public Utility Commission entered July 3, 1980, be and the same hereby is affirmed.