**STATE of Maine**

v.

**Jay PALMER.**

Supreme Judicial Court of Maine.

Argued Nov. 22, 1983.

Decided April 25, 1984.

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Deputy Dist. Atty., Augusta, for plaintiff.

Goodspeed & O'Donnell, Stephen J. O'Donnell (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE and GLASSMAN, JJ.

ROBERTS, Justice.

Jay Palmer appeals from his conviction of aggravated assault, 17–A M.R.S.A. § 208, and reckless conduct, 17–A M.R.S.A. § 211, after a jury trial in Superior Court, Kennebec County. Palmer argues on appeal that the trial judge erred by refusing Palmer's request to caution the jury to consider with care the testimony of two accomplices, with whom Palmer allegedly committed the crime. Palmer also asserts that the trial judge erroneously limited Palmer's questioning of his own witness on a collateral issue and that he improperly limited testimony read back to the jury on its request. Because we discern no error, we affirm the conviction.

On January 23, 1983 at about 10:30 p.m. in Augusta, Joseph Vidulich picked up three hitchhikers, Palmer, George McDaniel, and Robert Chubbuck. When he stopped the car in Hallowell to let them out, Chubbuck told him to keep driving, McDaniel pulled a knife and put it at Vidulich's side. Vidulich grabbed McDaniel's arm and a struggle ensued. Vidulich was able to get the knife away from McDaniel and the three fled. After Vidulich reported the incident, the Augusta police apprehended three men whom Vidulich later identified as his passengers.

At trial, Vidulich testified that McDaniel pulled the knife and Chubbuck reached over to help McDaniel in the struggle. He could not remember whether Palmer reached over to help. McDaniel, testifying for the State, said that while he and Chubbuck were struggling with Vidulich, Palmer reached over the seat but Vidulich "got him in a headlock." Chubbuck, testifying

for the defense, denied his own participation, but said that McDaniel had called to have Palmer help him and Palmer had jumped up and tried to get the knife back from Vidulich.

■ At trial Palmer's attorney questioned Chubbuck concerning Vidulich's testimony at a probable cause hearing on Chubbuck's probation revocation, in an attempt to show that Chubbuck had an opportunity to conform his testimony to that of Vidulich. The trial justice limited the attorney's questioning to any differences between a prior statement and Chubbuck's current testimony, stating that "the type of questions you are asking are sequacious. There is no way the jury could understand them." We conclude that there was no abuse of discretion, under M.R.Evid. 403, by limiting a confusing line of questioning.

In his instructions, the trial justice first told the jury that Palmer could only be held legally accountable for the crime as an accomplice. He then defined "accomplice." He later instructed the jury on factors to consider in judging the credibility of all the witnesses, including any interest they might have in the result of the trial. After he had instructed, he asked counsel if further instructions were requested. Palmer's attorney requested, *inter alia*, that his submitted instruction cautioning the jury concerning accomplice testimony be given. The trial justice refused, stating he had already adequately instructed on that issue.

■ In the circumstances of this case, we conclude that the refusal was not prejudicial error. To be sure, our decisions dealing with the sufficiency of uncorroborated testimony of an accomplice have acknowledged the inherent weakness of accomplice testimony and emphasized the importance of proper jury instructions. *State v. Jewell*, 285 A.2d 847, 851 (Me.1972) (" '[W]e are satisfied that a jury, *acting under proper instructions*, can exercise that care and

caution in evaluating the testimony of the accomplice which insure a fair trial to the respondent.' ") (quoting *State v. James*, 161 Me. 17, 206 A.2d 410 (1965)). We have not, however, concluded that refusal to give an accomplice instruction is automatic error, especially where the accomplice testimony is not incredible and not totally without corroboration. *State v. Porter*, 404 A.2d 590 (Me.1979) (citing *United States v. Wright*, 573 F.2d 681 (1st Cir.1978)).

In the case before us, the testimony of the two accomplices was sufficiently corroborated by testimony of the victim and by circumstantial evidence to alleviate the need for a cautionary instruction. There is no doubt that Vidulich was attacked by one or more of the persons in his car. There is also no doubt that Palmer was one of the persons present. The only part of McDaniel's description of the attack not corroborated by non-accomplice testimony is his assertion that Palmer reached over from the back seat and Vidulich "got him in a headlock." [1] That critical testimony is not entirely uncorroborated. The record discloses that Palmer's blue knit cap was found in the front seat of Vidulich's car. Palmer acknowledged the loss of his hat in the car but was unable to explain how he lost it. Although it may be preferable to give a cautionary instruction whenever an accomplice testifies for the State, we cannot say that the general instructions on evaluating credibility were inadequate in this case.

■ Palmer also asserts that the trial justice erred in limiting testimony read back to the jury during deliberations. Several hours after retiring, the jury sent a note to the justice requesting a "copy" of the victim's and McDaniel's testimony. The justice explained that the testimony could only be read back from the reporter's notes and that the testimony requested constituted the bulk of the trial. The jury

1. We reject the proposition advanced by the State that only uncorroborated testimony of a *lone* accomplice will justify the accomplice instruction and that Chubbuck's testimony provided adequate corroboration of McDaniel's testimony.

then retired and returned requesting that the reporter read back the victim's testimony concerning what was said in the car. The record shows only that unspecified portions of Vidulich's testimony were read back.[2] The justice then told the jury that they could have additional testimony read back if it would help them decide. Palmer objected but asserted only that the jury "should have the benefit of all of the testimony about the discussion in the car." He now argues that the trial justice erred by not permitting the cross examination of Vidulich to be read back. We find no abuse of discretion here in the trial justice limiting the testimony read back to the jury to portions of a witness's testimony. The judge noted that the trial had been a brief one and that the jury should be able to recall the testimony. We agree.

The entry is:

Judgment affirmed.

All concurring.

---

2. It is the responsibility of counsel to insure that the reporter note which portions of the testimony were read to the jury and thereby preserve for the record the basis of his objection.