524 A.2d 1069

The Yellow Cab Company of Pittsburgh, Petitioner v. Pennsylvania Public Utility Commission, Respondent.

Peoples Cab Company, Petitioner v. Pennsylvania Public Utility Commission, Respondent.

Argued March 23, 1987, before Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Richard S. Dorfzaun,* with him, *Ingrid. M. Lundberg, Dickie, McCamey & Chilcote, P.C.,* for petitioner, The Yellow Cab Company of Pittsburgh.

*Jon Hogue,* for petitioner, Peoples Cab Company.

*H. Kirk House,* Assistant Counsel, with him, *Michael C. Schnierle,* Deputy Chief Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

*John A. Pillar, Pillar and Mulroy, P.C.,* for intervenor, Colonial Taxi Co., Inc.

OPINION BY JUDGE COLINS, April 28, 1987:

The Yellow Cab Company of Pittsburgh and Peoples Cab Company (collectively, petitioners) appeal an order of the Pennsylvania Public Utility Commission (Commission) granting the application of Colonial Taxi Company, Inc. (Colonial) for an amendment to its certificate of public convenience and authorizing Colonial to operate in the City of Pittsburgh (City).

Prior to its application to expand service, Colonial was authorized to serve the South Hills area of Allegheny County and two wards within the City. Protests to Colonial's application to expand service were filed by petitioners[1] and the matter proceeded to public hear-

---

[1] Colonial's application was also opposed by a Mr. James M. McNulty.

ings before an Administrative Law Judge (ALJ). In his subsequent decision, the ALJ approved Colonial's application and amended its certificate, authorizing call or demand service in Pittsburgh but restricting service from three downtown hotels, on the basis that Colonial had not demonstrated a need for such service. Exceptions filed on behalf of petitioners and Colonial were denied by the ALJ and all parties appealed to the Commission.

The Commission granted Colonial's application *in toto*, thereby lifting the prohibition on downtown hotel service imposed by the ALJ. The Commission concluded that Colonial had met its burden of demonstrating public demand for the proposed services and the requisite fitness to perform same, in accordance with the evidentiary criteria promulgated by the Commission and found at 52 Pa. Code §41.14.[2] Moreover, the Commission determined that petitioners had failed to demonstrate, pursuant to the same criteria, that the grant of

---

[2] The Commission's evidentiary criteria are found at 52 Pa. Code §41.14, which reads in its entirety as follows:

(a) An applicant seeking motor common carrier authority has a burden of demonstrating that approval of the application will serve a useful public purpose, responsive to a public demand or need.

(b) An applicant seeking motor common carrier authority has the burden of demonstrating that it possesses the technical and financial ability to provide the proposed service, and, in addition, authority may be withheld if the record demonstrates that the applicant lacks a propensity to operate safely and legally.

(c) The Commission will grant motor common carrier authority commensurate with the demonstrated public need unless it is established that the entry of a new carrier into the field would endanger or impair the operations of existing common carriers to such an extent that, on balance, the granting of authority would be contrary to the public interest.

Colonial's application would endanger their operations to such an extent that the public interest would be impaired. The appeals of petitioners to this Court, consolidated for our review, followed.

Upon appeal, petitioners assert that the legal standard applied by the Commission, as codified in the evidentiary criteria set forth at 52 Pa. Code §41.14, was erroneous and that the findings made under that standard are unsubstantiated. Our review of the Commission's decision encompasses a determination of whether that decision was in error as a matter of law or because unsupported by substantial evidence. *MCI Airsignal of Pennsylvania, Inc. and RCCS of Pennsylvania, Inc. v. Pennsylvania Public Utility Commission*, 102 Pa. Commonwealth Ct. 345, 518 A.2d 600 (1986).

In essence, petitioners request that this Court reconsider its recent en banc decision in *Seaboard Tank Lines, Inc. v. Pennsylvania Public Utility Commission*, 93 Pa. Commonwealth Ct. 601, 502 A.2d 762 (1985), wherein we held, following a comprehensive analysis of the genesis of Commission policy regarding motor carrier applications, that the Commission "acted within its discretion in its formulation of its new evidentiary criterion." *Id*. at 612, 502 A.2d at 767. Petitioners posit the identical argument, considered and rejected in *Seaboard*, that the Commission exceeded its authority in reformulating the criteria by eliminating an applicant's evidentiary burden of demonstrating the inadequacy of existing service because such a requirement was legislatively mandated. In that case, however, we concluded that the requirement of proving inadequacy of existing service was not statutory but "ar[ose] in a regulatory context, as the [C]ommission sought to vindicate its mandate to protect the public interest by preventing unrestrained and destructive competition." *Id*. at 611,

502 A.2d at 766 (emphasis deleted). As petitioners have not posited new arguments in contravention of our prior decision, we decline to refute our validation therein of the Commission's evidentiary standards regarding motor carrier applications.

We also reject petitioners' contention that the Commission's evidentiary criteria are not applicable to passenger carrier applications. We find no support for petitioners' argument in either the language of the regulation which pertinently designates "[A]n applicant seeking motor common carrier authority . . ." or the statutory provision of the Public Utility Code, 66 Pa. C. S. §1103(a), under which this regulation was promulgated. That section explicitly states that: *"[e]very application* for a certificate of public convenience shall be made to the commission in writing . . ." (emphasis supplied), and thereby evidences no distinction between types of carriers. As we are constrained to "constru[e] every statute, if possible, to give effect to all its provisions," 1 Pa. C. S. §1921(a), and to presume that the legislature intended the "entire statute to be effective and clear," 1 Pa. C. S. §1922(2), we conclude that the evidentiary criteria promulgated by the Commission apply to passenger carrier applicants.[3] While it may well be true, as petitioners note, that *Seaboard* involved an application of a property carrier rather than that of a passenger carrier, we attribute such limitation to the

---

[3] We additionally note the Commission's inclusion of the evidentiary criteria within Chapter 41 of Title 52 of the pertinent regulations, entitled "General Orders, Policy Statement, and Guidelines on Transportation Utilities" rather than in Chapter 29, "Motor Carriers of Passengers" or Chapter 31, "Motor Carrier Property Transportation"—placement lending further support for our conclusion that the criteria are intended to govern *all* applications for certificates of public convenience.

vagaries of the litigation process, rather than to a Commission directive.

Petitioners finally assert: that Colonial failed to demonstrate a public need for its proposed service and the requisite fitness to provide this service; that the Commission erred in concluding that the grant of Colonial's application would not endanger the operations of existing common carriers so as to be detrimental to the public interest; and that the Commission erred in lifting the partial restriction on downtown hotel service imposed by the ALJ. The Commission is vested with the power to grant a certificate of public convenience when it is satisfied that such action is necessary or proper for the service, accommodation, convenience or safety of the public. 66 Pa. C. S. §1103(a). Where the facts support the Commission's findings, this Court may not make an independent judgment in substitution of the judgment of the Commission. *Lancaster Yellow Cab & Baggage, Inc. v. Pennsylvania Public Utility Commission*, 61 Pa. Commonwealth Ct. 160, 432 A.2d 1143 (1981). After a thorough review of the Commission's findings under the new criteria, we find them adequately supported by the evidence.

Accordingly, the order of the Public Utility Commission granting Colonial's application for an amendment to its certificate of public convenience is affirmed.

ORDER

AND NOW, April 28, 1987, the order of the Pennsylvania Public Utility Commission in the above-captioned matters is hereby affirmed.